**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AK-8743
**(Inmate Number)**

RONALD A. RILEY
**(Name of Plaintiff)**

1100 PIKE STREET HUNTINGDON, PA 16654
**(Address of Plaintiff)**

**vs.**

MARTIN HORN, COMMISSIONER, et. al.

FREDERICK K. FRANK, SUPERINTENDANT, et. al.

WILLIAM F. WORD, CHAIRMAN, Pa.BD.of Prob.Par.
**(Names of Defendants)**

1: CV 00-0485
**(Case Number)**

**COMPLAINT**

FILED
SCRANTON

MAR 16 2000

PER _____
DEPUTY CLERK

**TO BE FILED UNDER:** ___X___ **42 U.S.C. § 1983 - STATE OFFICIALS**

_____ **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

I.   Previous Lawsuits

    A.   If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

        N/A

II.   Exhaustion of Administrative Remedies

    A.   Is there a grievance procedure available at your institution?
        _X_ Yes   ____No

    B.   Have you filed a grievance concerning the facts relating to this complaint?
        _X_ Yes   ____No

        If your answer is no, explain why not _____

    C.   Is the grievance process completed?   _X_ Yes   ____No

III.    Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A.    Defendant __SEE ATTACHED COMPLAINT_____ is employed

as _____ at_____

B.    Additional defendants __SEE ATTACHED COMPLAINT_____

_____

_____

_____

IV.    Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1.    SEE ATTACHED COMPLAINT_____

_____

_____

_____

2.    SEE ATTACHED COMPLAINT_____

_____

_____

_____

3.    SEE ATTACHED COMPLAINT_____

_____

_____

_____

V.    Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1.    SEE ATTACHED COMPLAINT

2.    SEE ATTACHED COMPLAINT

3.    SEE ATTACHED COMPLAINT

Signed this __7th__ day of __March__, 19__. 2000

(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__3/7/2000__
(Date)

(Signature of Plaintiff)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY, AK-8743, in     :
his own behalf,     :
C/O 1100 PIKE STREET HUNTINGDON,     :
PA 16654     :
             PLAINTIFF:     :

       -VS-     :

COMMISSIONER MARTIN F. HORN     :
2520 LISBURN ROAD P.O.BOX 589     :
CAMP HILL, PA 17001-0589, in     :
his individual and official     :
capacity;     :
         and     :

SUPERINTENDENT FREDERICK K.     :
FRANK, DEPUTY SUPERINTENDENT     :
CLINTON R. MYERS, MAJOR OF THE     :
GUARD JAMES L. GRACE, INTELLIG-     :
ENCE CAPTAIN GIL LEVY, GRIEVANCE     :
COORDINATOR DIANA G. BANEY, HEAR- :
ING EXAMINER STIDD, UNIT MANAGER     :
TIM LAUNTZ, UNIT MANAGER JOEL -     :
KELLER, COUNSELOR BUZMINSKY, COR- :
RECTIONAL OFFICER HOOVER, CORREC- :
TIONAL OFFICER MCFADDEN,     :
1100 PIKE STREET HUNTINGDON, PA     :
16654, individually and in their     :
official capacity,     :
         and     :

DIRECT OR OF INMATE BUREAU SERVI- :
CES J. HARVEY BELL, 2520 LISBURN     :
ROAD P.O.BOX 589 CAMP HILL, PA     :
17001-0589, in his individual and :
official capacity,     :
         and     :

OTHER UNKNOWN INDIVIDUALS AND     :
OFFICIALS OF THE DEPARTMENT OF     :
CORRECTIONS,     :
         and     :

CHAIRMAN WILLIAM F. WORD PENNSY- :
LVANIA BOARD OF PROBATION AND     :
PAROLE, COMMONWEALTH OF PENNSYL- :
VANIA EXECUTIVE OFFICE 1101 S.     :
FRONT STREET, STE. 500 HARRISBURG :
PA 17104-2517, in his individual :
and official capacity,     :

             DEFENDANT'S:     :

CIVIL ACTION NUMBER

**1: CV 00-0485**

CIVIL COMPLAINT
JURY TRIAL DEMANDED ON
ALL TRIABLE ISSUES

FILED
SCRANTON

MAR 14 2000

PER _____
DEPUTY CLERK



## I. J U R I S D I C T I O N

1. This is a civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of State Law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. §1343. Plaintiff seek declaratory relief pursuant to 28 U.S.C. §2201 and 2202.

## II. P L A I N T I F F

2. Plaintiff RONALD A. RILEY is, and were at all times mentioned herein, a prisoner of the State of Pennsylvania, in the custody of the Pennsylvania Department Of Corrections. Plaintiff is currently confined in the State Correctional Institution Huntingdon.

## III. D E F E N D A N T' S

3. Defendant, Martin F. Horn is the Commissioner of the Pennsylvania Department Of Corrections. He is Legally responsible for the overall operation of the Department and each Institution under its jurisdiction, including Huntingdon Prison.

4. Defendant, Frederick K. Frank was the Superintendent of the State Correctional Institution Huntingdon (Hereafter SCI-Huntingdon) during the time of Plaintiff's arrival. In that capacity he was Legally responsible for the operations of SCI-Huntingdon and for the welfare of all the inmates of that prison.

5. Defendant, Clinton R. Myers was the Deputy Superintendant at SCI-Huntingdon during the time of Plaintiff's arrival. In that capacity he was Legally responsible for the Facility Management

and for the welfare of all the inmates of that prison.

6. Defendant, James L. Grace was the Major of the Guard of SCI-Huntingdon throughout the time period covered by this Complaint. In that capacity he was Legally responsible for administrative action and the overall supervision of the guards under his command.

7. Defendant, Gil Levy was the Intelligence Captain of SCI-Huntingdon throughout the time period covered by this Complaint. In that capacity he was Legally responsible for administrative action, investigative action, and the supervision and monitoring of guards while they interacted with inmates in the prison.

8. Defendant, Diana G. Baney was the Grievance Coordinator at SCI-Huntingdon throughout the time period covered by this Complaint. In that capacity she was legally responsible for receiving, processing, investigating, and ruling on all inmate grievances in the prison.

9. Defendant, Joel Keller was a Unit Manager of EA. Block throughout the time period covered by this Complaint. In that capacity he was legally responsible for the overall operation of EA. Block in which Plaintiff was assigned upon his arrival at SCI-Huntingdon.

10. Defendant, Tim Launtz was a Unit Manager of AA. Block and then FA. Block which Plaintiff was later assigned. In that capacity he was Legally responsible for the overall operation of AA. Block and laterFA. Block at SCI-Huntingdon.

11. Defendant, Buzminsky was a Correctional Counselor on EA Block which Plaintiff was assigned upon his arrival. In that capacity he was Legally responsible for assisting and counseling all inmates assigned to his case load on EA. Block.

12. Defendant, Stidd was a Hearing Examiner throughout the time period covered by this Complaint. In that capacity he was Legally responsible conducting all inmate misconduct hearings and reviewing all evidence.

13. Defendant, Hoover is a Correctional Officer at SCI-Huntingdon who at all times mentioned in this Complaint was assigned to SCI-Huntingdon.

14. Defendant, McFadden was a Correctional Officer at SCI-Huntingdon who at all times mentioned in this Complaint was assig-

ned to SCI-Huntingdon.

15. Defendant, William F. Word is the Chairman of the Pennsylvania Board Of Probation And Parole. In that capacity he is Legally responsible for the overall operation of the Board and each Board member under its jurisdiction.

16. Defendant, J. Harvey Bell is the Director Of Inmate Bureau Services. In that capacity he is Legally responsible for the overall operation of inmate affairs including transfers.

## IV.  F A C T S

17. On or about October 5, 1993, Plaintiff was approved for release on parole December 23, 1993, by the Pennsylvania Board Of Probation And Parole.

18. On or about October 10, 1993, at approximately 10:00 P.M Plaintiff was handcuffed and escorted from the outside modular unit where he was housed, back inside SCI-Huntingdon Prison and given a misconduct charging him with a assault on Officer McFadden.

19. On or about October 16, 1993, the misconduct was dismissed by the Hearing Examiner Mitchell for having the wrong date and time on the misconduct. Approximately three or four hours later the misconduct was rewritten by Officer McFadden and again served on Plaintiff.

20. On or about October 17, 1993, at the hearing Plaintiff pled Not Guilty to the assault charge and requested that the Hearing Examiner Mitchell call Plaintiff's three witnesses.

21. On or about October 18, 1993, Plaintiff was found guilty of assaulting Officer McFadden and sentenced to approximately 90 days in disciplinary lockup.

22. In addition to the 90 days disciplinary lockup Plaintiff was stripped of his outside clearance, and lost his parole date December 23, 1993.

23. After Plaintiff's disciplinary lockup time had expired Plaintiff was kept back in disciplinary lockup approximately 90

additional days awaiting transfer.

24. On or about April 4, 1994, Plaintiff was transferred to the State Correctional Institution Pittsburgh (Hereafter SCI-Pittsburgh) and a separation placed on him and SCI-Huntingdon.

25. After receiving five (5) one year setbacks from the Pennsylvania Board Of Probation And Parole due to the misconduct October 10, 1993 at SCI-Huntingdon. As a direct result of completing all of his required programs, and without any misconducts in approximately five (5) years, Plaintiff was again granted parole at SCI-Pittsburgh March 2, 1999. (See Exhibit A.).

26. On March 25, 1999, Paul M. O'Conner Direct Of Region (2) ordered Plaintiff transferred to the State Correctional Institution Greene for placement in Outside Units. (See Exhibit B.).

27. On May 12, 1999, instead of being transferred to SCI-Greene Plaintiff was transferred back to SCI-Huntingdon where there is a active separation between Plaintiff and this Institution because of the alleged assault on a Correctional Officer October 10, 1993.

28. On May 12, 1999, when Plaintiff arrived back at SCI-Huntingdon Counselor Buzminsky notified the Institution at Plaintiff's interview before entering SCI-Huntingdon that their is a active separation between Plaintiff and this Institution. And that Plaintiff should not be admitted back inside said Institution.

29. On May 12, 1999, after being forced back inside SCI-Huntingdon, Plaintiff sent a request slip to Counselor Buzminsky and Unit Manager Joel Keller requesting a transfer for fear of his well being or being setup if he remain in this Institution/Prison. (See Exhibit C.).

30. On May 23, 1999, Plaintiff sent a request slip to Counselor Buzminsky, Superintendent Franks, a letter to Commissioner Martin F. Horn, and filed a official grievance with the Grievance Coordinator Diana G. Baney reporting the racial remarks of Officer Hoover, his treats to retaliate against Plaintiff, and the fact that Plaintiff is not suppose to be in this Institution, to no avail. (See Exhibit D.).

31. On May 29, 1999, while on a visit with his family Officer Hoover accused Plaintiff's female visitor of putting her hand in Plaintiff's testicle area thereby cancelling Plaintiff's visit and

charging Plaintiff with a class (1) catagory B-4 (Engaging in sex-
ual acts with others or sodomy) and a class (1) catagory D-25 (Vi-
olation of visiting regulations 2D unacceptable personal conduct)
misconduct. (See Exhibit E.).

32. On May 29, 1999, Plaintiff sent a request slip to Couns-
elor Buzminsky and a official inmate grievance to Grievance Coord-
inator Diana G. Baney informing them of the fact that the miscond-
uct was a setup by Officer Hoover and again requesting transfer
out of this Institution, to no avail. (See Exhibit F.).

33. On June 2, 1999, at the hearing held for the misconduct
issued by Officer Hoover against Plaintiff May 29, 1999, Hearing
Examiner Stidd refused to review the Video Taped Evidence from cam-
era (1) in the inside visiting room the day in question between
2:00 PM. and 3:00 PM.

34. After refusing to review the only evidence that could
prove Plaintiff's innocents (The Video Taped Evidence From Camera
(1) ) Hearing Examiner Stidd dismissed the class (1) catagory B-4
(Engaging in sexual acts with others or sodomy) charge because he
believed that it was not a sexual act. But found Plaintiff guilty
of the class (1) catagory D-25 (Violation of visiting regulations
2D unacceptable personal conduct).

35. On June 3, 1999, Plaintiff appealed the catagory D-25
charge to the Prison Review Committee and again after refusing to
review the Video Taped Evidence from camera (1) they stated "since
the Hearing Examiner dismissed the sexual act charge (B-4) because
he did not believe that it was a sexual act, we feel that a reduc-
tion in the second charge is merited", and they changed the D-25
charge to a class (2) catagory 35 which mean (Any violation of a
rule or regulation in the Inmate Handbook not specified as a class
(1) misconduct charge).

36. On July 6, 1999, the Pennsylvania Board Of Probation And
Parole temporarily suspended Plaintiff's parole due to the bogus
misconduct Plaintiff received from Officer Hoover May 29, 1999.

37. On or about July 24, 1999, Plaintiff filed an appeal for
Administrative Relief from the Pennsylvania Board Of Probation And
Parole temporarily suspending Plaintiff's parole due to misconduct.

6

38. On or about August 5, 1999, Plaintiff was staffed again for parole by Unit Manager Joel Keller, Counselor Buzminsky, and Sgt. Kauffman at SCI-Huntingdon.

39. On August 16, 1999, Plaintiff sent a request slip to his newly appointed Counselor Ms. Haldeman after being moved to FA. -Block from EA. Block informing her of Plaintff's situation with Officer Hoover and his efforts to secure a transfer.

40. On September 6, 1999, Plaintiff sent a request slip to the Unit Manager Kurt Granlund on FA. Block informing him of Plaintiff's situation and need for transfer.

41. On December 8, 1999, the Pennsylvania Board Of Probation And Parole rescinded Plaintiff's Parole based upon the bogus misconduct issued by Officer Hoover.

42. On December 20, 1999, Plaintiff filed a Motion For Adjudication to compel the Pennsylvania Board Of Probation And Parole to answer Plaintiff's appeal for Administrative Relief filed July 24,1999.

43. On January 7, 2000, Plaintiff filed an appeal for Administrative Relief from the Pennsylvania Board Of Probation And Parole Rescinding Plaintiff's parole December 8, 1999.

44. Plaintiff contends that in the three (3) Institutions/-Prisons (SCI-Camp Hill, SCI-Huntingdon, SCI-Pittsburgh) that Plaintiff has been incarcerated at during his more then fifteen (15) years of incarceration, SCI-Huntingdon is the only Institution where Plaintiff received misconducts for any reason, and have a separation from.

45. Before (During, after, and to date) Plaintiff's transfer to SCI-Huntingdon from SCI-Pittsburgh his custody level (2) (Securty level within and outside the Institution) is the lowest a inmate can attain in the State Prison System. Plaintiff, being a securty level (2) should have been transferred to a securty level (2) Institution and not a securty level (4) Institution like SCI-Huntingdon considering the fact that Plaintiff was awaiting parole release to the Community Correction Center November 22, 1999, and that there is a separation between Plaintiff and this Institution.

46. Plaintiff contends that he could have been transferred to any Institution in the State of Pennsylvania (1) because of his low security level, and (2) because of the fact that he has never been removed from any other Institution in the State of Pennsylvania, and a separation placed on him and any other Institution in Pennsylvania except SCI-Huntingdon. Out of the (24) male Institutions in the State of Pennsylvania that Plaintiff qualify for admittance the Defendant's sent Plaintiff to the Institution that he has a separation from.

## V. L E G A L   C L A I M S

47. Plaintiff incorporated by reference paragraphs 1 through 46 of this Complaint which alleged as if fully set fourth herein.

48. Defendant's ordered Plaintiff transferred back to SCI-Huntingdon in which he was removed for allegedly assaulting a Correctional Officer and a separation placed on him and said Institution constituted cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and the Due Process and Equal Protection clause of the Fourteenth Amendment.

49. Defendant's put Plaintiff's life in danger by excepting Plaintiff back inside SCI-Huntingdon having full knowledge that there is a active separation between Plaintiff and SCI-Huntingdon in violation of the Eighth Amendment to the U.S. Constitution and the Due Process and Equal Protection clause of the Fourteenth Amendment.

50. Defendant's racial comments and actions do to racial beliefs subjected Plaintiff to cruel and unusual punishment in violation of the Eighth and First Amendments to the U.S. Constitution.

51. Defendant's conspired to deny Plaintiff parole through the use of a bogus misconduct and arbitrary, capricious, and unconstitutional decision making in violation of the Fourteenth Amendments Due Process and Equal protection of the Law.

52. Defendant's retaliated against Plaintiff for the October 10, 1993, incident by giving him a bogus misconduct and refusing

to review the only evidence in this case that could prove Plaintiff's innocents in violation of Plaintiff's Fourteenth Amendment Right to Due Process and Equal Protection of the Law.

53. The Defendant (Pennsylvania Board Of Probation And Parole) refuse to answer Plaintiff's appeal July 24, 1999, Motion For Adjudication Of Appeal December 20, 1999, and Appeal For Administrative Relief filed January 7, 2000, in violation of Plaintiff's First Amendment Right to Redress Of A Grievance and the Fourteenth Amendment Right to Due Process and Equal Protection of the Law.

54. The acts and omissions of Defendant's individually and in their official capacities described in the factual allegations of this Complaint caused Plaintiff's Rights under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States to be violated.

55. Defendant's recklessly and with gross negligence and deliberate indifference to Plaintiff's well being, failed to adequately train and supervise it's employees, Defendant's herein, and is therefore liable to Plaintiff for the violation of Plaintiff's Constitutional Rights caused by the actions of these employees under 42 U.S.C. §1983, §1985, §1986, and §1981, and the Fourteenth Amendment.

56. Defendant's knew or should have known that Plaintiff was particularly endangered or otherwise in a vulnerable position, but none the less deliberately and/or maliciously and intentionally failed to do anything to alleviate it in violation of his Eighth and Fourteenth Amendment to the U.S. Constitution.

57. Plaintiff avers that Defendant's were diliberately indifferent to a pattern of racial discrimination, harassment, and a reign of terror which violated Plaintiff's liberty interest in protection from this type of torture. To date Blacks and Whites eat at separate sides of the Dinning Room at SCI-Huntingdon as a direct result of this racist policy in violation of his First and Fourteenth Amendment to the U.S. Constitution.

58. As a direct result of Defendant's deliberate indifference for Plaintiff's well being and maintenance of Plaintiff's security, the Plaintiff has suffered severe mental and emontional anguish due to the torture Plaintiff had to endure at the hands of the Defendant's in violation of his First, Eighth, and Fourteenth Amendments

to the U.S. Constitution.

59. The Plaintiff has no plain, adequate or complete remedy at Law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendant's unless this Court grants the declaratory and injunctive relief which Plaintiff seek.

## VI.  R E L I E F

**WHEREFORE,** Plaintiff respectfully pray that this Court enter judgment granting Plaintiff:

1. A declaratory judgment that the Defendant's acts, policies and practices described herein violate Plaintiff's Rights under the United States Constitution.

2. A preliminary and permanent injunction which:

a. Requires Defendant's to remove from Plaintiff's file the bogus misconduct that Plaintiff received from Defendant Hoover May 29, 1999.

b. Prohibit Defendant's, their agents, employees, successors in interest and all other persons in active concert or participation with them, from harassing, threatening, punishing or retaliating in any way against the Plaintiff because of this action.

c. The awarding of compensatory damages in excess of $1,000,000 from Defendant's individually and in their official capacity, including damages to Plaintiff for mental and emotional distress due to the racial discrimination, harassment, and reign of terror which violated Plaintiff's Constitutional Rights.

d. Awarding Plaintiff punitive damages for Defendant's intentional and knowing deprivation of Plaintiff's Constitutional Rights.

e. The award of reasonable attorney's fees if Plaintiff employ said Court cost, and litigation expenses and disbursements against all Defendant's individually and severally pursuant to 42 U.S.C. §1988 which permits attorney's fees in Civil Rights Actions; and

f. Awarding Plaintiff any other and further relief which the Court deems just and proper.

DATED: 3/7/2000

Respectfully Submitted,

RONALD A. RILEY, AK-8743
PLAINTIFF pro se
1100 PIKE STREET
HUNTINGDON, PA 16654

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY, AK-8743            :
                                    :
            PLAINTIFF:              :
                                    :        AFFIDAVIT
      -VS-                          :        CIVIL ACTION NUMBER
                                    :
                                    :   #_____
COMMISSIONER MARTIN F. HORN,        :
and Defendant's listed in the       :        CIVIL COMPLAINT
Complaint, et al.                   :        JURY TRIAL DEMANDED ON
                                    :        ALL TRIABLE ISSUES
            DEFENDANT'S:            :

## PLAINTIFF RONALD A. RILEY'S SUPPORTING AFFIDAVIT

        I, RONALD A. RILEY, hereby certify pursuant to 28 U.S.C.
§1746, subject to the penalties of perjury under the Laws of the
United States of America that the statements set forth below are
true and correct to the best of my belief, understanding, recolle-
ctions and information.

        1. On or about October 5, 1993, Plaintiff was approved for
parole release December 23, 1993.

        2. On or about October 10, 1993, Plaintiff was charged with
assaulting Correctional Officer McFadden and placed in disciplinary
confinement.

        3. On or about October 18, 1993, Plaintiff was found guilty
of said assault.

        4. On or about April 4, 1994, Plaintiff was transferred to
the State Correctional Institution Pittsburgh.

        5. From January 1994 to February 1999, Plaintiff received
five (5) one year setbacks from the Pennsylvania Board Of Probation
And Parole due to the misconduct October 10, 1993, accusing Plain-
tiff of assaulting Officer McFadden.

        6. On March 2, 1999, Plaintiff was again granted parole from
the Pennsylvania Board Of Probation And Parole.

        7. On March 25, 1999, Plaintiff was ordered transferred to
the State Correctional Institution Greene fro placement in Outside

Units.

8. On May 12, 1999, Plaintiff was transferred back to the State Correctional Institution Huntingdon against his will.

9. On May 12, 1999, Counselor Buzminsky notified SCI-Huntingdon that there is a active separation between Plaintiff and this Institution.

10. On May 12, 1999, Plaintiff sent a request slip to Counselor Buzminsky requesting a transfer.

11. On May 23, 1999, Plaintiff sent a request slip to Counselor Buzminsky, Superintendent Franks, a letter to Commissioner Horn, and filed a official inmate grievance with the Grievance Coordintor Baney reporting the racial remarks, threats to retaliate against Plaintiff, and the fact that Plaintiff is not supposed to be in SCI-Huntingdon.

12. On May 29, 1999, Plaintiff received a bogus misconduct from Officer Hoover.

13. On May 29, 1999, Plaintiff sent a request slip to Counselor Buzminsky and a official inmate grievance to the Grievance Coordinator Baney informing them of Plaintiff being setup and given a bogus misconduct and his need for a transfer.

14. On June 2, 1999, at the misconduct hearing the Hearing Examiner Stidd refused to review the Video Taped Evidence from the visiting room the day in question.

15. On June 3, 1999, the Prison Review Committee also refused to review the Video Taped Evidence from the visiting room the day in question.

16. On July 6, 1999, the Pennsylvania Board Of Probation And Parole temporarily suspended Plaintiff's parole due to the bogus misconduct May 29, 1999.

17. On or about August 5, 1999, Plaintiff was staffed for parole at SCI-Huntingdon.

18. On August 16, 1999, Plaintiff sent a request slip to Counselor Haldeman explaining his situation and requesting a transfer.

19. On September 6, 1999, Plaintiff sent a request slip to the Unit Manager Granlund requesting a transfer.

20. On December 8, 1999, the Pennsylvania Board Of Probation And Parole rescinded Plaintiff's parole based on that bogus misconduct May 29, 1999.

21. On December 20, 1999, Plaintiff filed a Motion For Adjudication of Appeal filed July 24, 1999, to the Pennsylvania Board Of Probation and Parole.

22. On January 7, 2000, Plaintiff filed a Appeal for Administrative Relief from Board action December 8, 1999.

I, declare under penalty of perjury that the foregoing is true and correct. Executed at SCI-Huntingdon 1100 Pike Street Huntingdon, Pennsylvania 16654.

DATED: 3/7/2000

EXHIBIT (A)

NOTICE OF BOARD DECISION
PBPP-15(5/95)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

DATE: 030299

| CLIENT NAME: | RONALD A. RILEY | PAROLE NO. | 7297S |
| INSTITUTION: | SCI - PITTSBURGH | INSTITUTION NO: | AK8743 |

AS RECORDED ON 021299 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CAN BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU THEREFORE ARE:

PAROLED TO A COMMUNITY CORRECTIONS CENTER FOR A MINIMUM OF 3 MONTHS. MUST HAVE A JOB/HOME AND DRUG/ALCOHOL AND SEX OFFENDER TREATMENT IN PLACE PRIOR TO RELEASE FROM THE CENTER.
DNA SAMPLE SHALL BE DRAWN BEFORE YOU CAN BE RELEASED.
BEFORE YOU CAN BE RELEASED, YOU SHALL PROVIDE PROOF OF PAYMENT OF AT LEAST $30.00 OF MANDATORY COURT COSTS WHICH WILL BE SHARED BY THE CRIME VICTIMS' COMPENSATION BOARD AND THE PENNSYLVANIA COMMISSION ON CRIME AND DELINQUENCY IN ACCORDANCE WITH 71 P.S. SECTION 180-7.17.

OUT-PATIENT DRUG/ALCOHOL AND SEX OFFENDER TREATMENT IS A SPECIAL CONDITION OF YOUR PAROLE SUPERVISION UNTIL THE TREATMENT SOURCE AND/OR PAROLE SUPERVISION STAFF DETERMINE IT IS NO LONGER NECESSARY. YOU SHALL BE REQUIRED TO SIGN THE APPROPRIATE RELEASE FORM FOR CONFIDENTIAL INFORMATION--MANDATORY.

(CONTINUED ON PAGE 2)

RECEIVED
SCI-Pittsburgh
MAR 0 5 1999
PBPP

CC: DISTRICT ATTORNEY

CLIENT COPY
RONALD A. RILEY          AK8743
SCI - PITTSBURGH
P. O. BOX 99901
PITTSBURGH, PA
          15233

*W. Conway Bushey*
W. CONWAY BUSHEY
BOARD SECRETARY

NOTICE OF BOARD DECISION
PBPP-16(5/96)

EXHIBIT (I)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE      030299

CLIENT NAME:      RONALD A. RILEY      PAROLE NO.:      7297S

INSTITUTION:      SCI - PITTSBURGH      INSTITUTION NO.:      AK8743

AS RECORDED ON      021299 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

(CONTINUED FROM PAGE 1)

YOU MUST SUBMIT TO URINALYSIS TESTING, MANDATORY.
YOU SHALL NOT CONSUME OR POSSESS ALCOHOL UNDER ANY CONDITION OR FOR ANY
REASON--MANDATORY.
YOU SHALL NOT ENTER ESTABLISHMENTS THAT SELL OR DISPENSE ALCOHOL (EXCEPT AS
APPROVED BY THE SUPERVISION STAFF)--MANDATORY.
YOU SHALL NOT DIRECTLY OR INDIRECTLY CONTACT OR ASSOCIATE WITH PERSONS WHO
SELL OR USE DRUGS OUTSIDE A TREATMENT SETTING.
YOU SHALL MAINTAIN EMPLOYMENT AS APPROVED BY PAROLE SUPERVISION STAFF.
YOU SHALL ENGAGE IN AN ACTIVE JOB SEARCH DURING ANY PERIOD OF UNEMPLOYMENT
AND PROVIDE VERIFICATION AS DIRECTED BY THE PAROLE SUPERVISION STAFF.
YOU SHALL NOT HAVE CONTACT WITH VICTIM(S), OR VICTIM'S FAMILIES, INCLUDING
CORRESPONDENCE, TELEPHONE CONTACT, OR COMMUNICATION THROUGH THIRD PARTIES--
MANDATORY.
YOU SHALL BE PLACED ON CURFEW RESTRICTIONS FOR 90 DAYS AFTER CCC AND DURING
PERIOD OF UNEMPLOYMENT.
YOU SHALL ABIDE BY THE CONDITIONS ESTABLISHED FOR SEX OFFENDER TREATMENT--
MANDATORY.

(CONTINUED ON PAGE 3)



RECEIVED
Pittsburgh
MAR 0 5 1999
PBPP

CC: DISTRICT ATTORNEY

CLIENT COPY
RONALD A. RILEY      AK8743
SCI - PITTSBURGH
P. O. BOX 99901
PITTSBURGH, PA
15233

W. Conway Bushey

W. CONWAY BUSHEY
BOARD SECRETARY



EXHIBIT (A)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

DATE: 030299

CLIENT NAME: RONALD A. RILEY          PAROLE NO. 7297S

INSTITUTION: SCI - PITTSBURGH          INSTITUTION NO. AK8743

AS RECORDED ON 021299 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

(CONTINUED FROM PAGE 2)

REMOVAL OR TERMINATION FROM THE COMMUNITY CORRECTION CENTER FOR ANY REASON
OTHER THAN SUCCESSFUL COMPLETION IS A VIOLATION OF YOUR PAROLE--MANDATORY.

YOU SHALL PAY A MONTHLY SUPERVISION FEE OF $25.00 TO THE PAROLE BOARD WHEN
UNDER SUPERVISION WITHIN THE COMMONWEALTH OF PENNSYLVANIA (ACT 35 OF 1991).

WHEN RELEASED TO THE COMMUNITY YOU MUST REPORT IN PERSON TO THE DISTRICT OFFICE
OR SUB OFFICE WITHIN 24 HOURS (MONDAY THROUGH FRIDAY) BETWEEN THE HOURS OF
8:30 A.M. - 5:00 P.M.

MAX. 12-23-2002.

*SLR 03-02-99*



CC: DISTRICT ATTORNEY

CLIENT COPY
RONALD A. RILEY          AK8743
SCI - PITTSBURGH
P. O. BOX 99901
PITTSBURGH, PA
                    15233

W. Conway Bushey

W. CONWAY BUSHEY
BOARD SECRETARY

EXHIBIT (B)

COMMONWEALTH OF PENNSYLVANIA
**Department of Corrections**
March 24, 1999

SUBJECT:    AK8743  Ronald Riley
            PBPP # 7297-S

TO:         Bonita Dripps
            Institutional Parole Agent
            SCI-Pittsburgh

FROM:       Paul M. O'Connor
            Director, Region 2
            Bureau of Community Corrections

Please be advised that a parole release date for the above noted inmate has been established for Monday, November 22, 1999.

Please instruct the inmate to report _directly_ to the facility between 8:30 am and 4:30 pm, and see that he has the following facility's address and phone number prior to release:

Harrisburg Community Corrections Center
27 North Cameron Street
Harrisburg, PA   17101
Phone (717) 787-4427

Please notify the facility by phone of the time the inmate leaves the institution, the method of transportation and approximate time of arrival.

Please ensure that the institution's Corrections Health Care Administrator is advised of the acceptance of this individual into Community Corrections. It is essential that Community Corrections receives a medical update in order to provide a continuity of services from your facility to Community Corrections. In addition, please ensure that the appropriate PPD test is completed and negative before transfer.

This inmate has been accepted as a parolee into a Community Corrections Center with an acceptance date of more than three months into the future. If he is not a problematic pre-release case and if institution staff recommended parole, arrangements should be made, in accord with established procedures, for transfer to SCI-Greene for placement in Outside Units. Staff at SCI-Greene should make adequate transportation arrangements in order to assure that this individual will arrive at the Community Corrections Center on the acceptance date.

Parolee must abide by all rules and regulations of the housing facility.

If you have any questions or anticipate a delay in this parole, please notify the Regional Office staff at (717) 787-8127.

cc:   Philip L. Johnson, Supt., PIT
      Jeffrey A. Troutman, Center Director
      Harrisburg Dist. Parole Office
      Regional File

EXHIBIT (C)

| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
| | DEPARTMENT OF CORRECTIONS |

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
| Mr. BUZMINSKY, COUNSELOR | 5-12-99 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
| RONALD A. RILEY, AK-8743 | BUZMINSKY |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
| UNASSIGNED | EA. 3050 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Mr. Buzminsky,

As we discussed on C. block when I first arrived back in this Institution. I am not supposed to be back in this Institution because of the separation between me and this Institution. You read my file when I came in and you know that I am not suppose to be here. I am requesting that you put me in for a transfer immediately before I am set-up and put in the hole considering I am not liked by this Staff.

Thank you

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |

EXHIBIT (C)

| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
| --- | --- |
| | DEPARTMENT OF CORRECTIONS |
| **INMATE'S REQUEST TO STAFF MEMBER** | INSTRUCTIONS |
| | *Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.* |

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
| --- | --- |
| UNIT MANAGER JOEL KELLER | 5-12-99 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
| --- | --- |
| RONALD A. RILEY, AK-8743 | BUZMENSKY |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
| --- | --- |
| UNASSIGNED | EA. 3050 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Mr. Keller,

    I and my counselor (Buzmensky) talked about the fact that I am not supposed to be in this Institution due to a separation between me and this Institution. Sir, I am requesting a transfer because I fear for my well being if I stay in this Institution. It seems that alot of the Guards still hold that situation back in 1993 against me.




Thank you

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
| --- | --- |

EXHIBIT (D)

| DC-135A | **COMMONWEALTH OF PENNSYLVANIA** |
| | **DEPARTMENT OF CORRECTIONS** |
| **INMATE'S REQUEST TO STAFF MEMBER** | INSTRUCTIONS |
| | *Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.* |

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
|---|---|
| Mr. BUZMINSKY, COUNSELOR | 5-23-99 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
|---|---|
| RONALD A. RILEY, AK-8743 | BUZMINSKY |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
|---|---|
| UNASSIGNED | EA. 3050 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

Mr. Buzminsky,

Today as I was returning from breakfast Officer Hoover said "They should not have brought your ass back here. That is what is wrong with you stupid ass naggers. But I am going to get your ass if that is the last thing that I do". Mr. Buzminsky, I am also going to put in a complaint and send a request slip to the Supertendant.

Thank you

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

EXHIBIT (D)

| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| | DEPARTMENT OF CORRECTIONS |

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) SUPERINTENDANT FRANKS | 2. DATE 5-23-99 |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) RONALD A. RILEY, AK-8743 | 4. COUNSELOR'S NAME BUZMINSKY |
|---|---|

| 5. WORK ASSIGNMENT UNASSIGNED | 6. QUARTERS ASSIGNMENT EA. 3050 |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

SUPERINTENDANT FRANKS,

On or about April 4, 1994, I was transferred from your Institution for allegedly assaulting Officer McFadden, and a separation placed on me and this Institution. In addition to that I am receiving verbal threats from Officer Hoover who told me "They should not have brought your ass back here. That is what is wrong with you stupid ass neggers. But I am going to get your ass if that is the last thing that I do." Sir, I am requesting a transfer out of this Institution as soon as possible before I am set-up by your Officer.

Thank you

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY        ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

EXHIBIT (D)

RONALD A. RILEY
AK-8743
1100 PIKE STREET
HUNTINGDON, PA 16654


MARTIN F. HORN                                          May 23, 1999
COMMISSIONER
2520 LISBURN ROAD
BOX 589
CAMP HILL, PA 17001-0589


COMMISSIONER:


On or about April 4, 1994, I was transferred from the State Correctional Institution at Huntingdon for an alleged assault on Correctional Officer McFadden on or about October 1993, and a separation placed on me and this Institution.

On May 12, 1999, I was transferred back to this hostile invirment at SCI-Huntingdon despite my objections.

Commissioner, it is the purpose of this letter to seek your assistance in getting transferred out of this hostile environment for the obvious reason that their is a separation order on me and this Institution, and I have been receiving threats from Officer Hoover who seems to think that I am a "Stupid ass nigger".

I have sent request slips to my counselor Buzminsky, Unit Manager Keller, the Superintendent Franks, and a grievance to the Grievance Coordinator Baney, all of which did not respond.

Commissioner Horn, I sincerely hope that you can see the seriousness of my situation and transfer me out of this Institution.

Respectfully,


cc:file

enclosure

**DC-804**
**PART 1**

EXHIBIT (D)

## COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**                    GRIEVANCE NO.

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| DIANA G. BANEY | SCI-HUNTINGDON | 5-23-99 |

| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
|---|---|
| RONALD A. RILEY, AK-8743 | |

| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
|---|---|
| UNASSIGNED | EA. 3050 |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

Ms. Baney, a brief perusal of my file will indicate that I am not suppose to be in this Institution because of a separation between me and this Institution. Secondly. I wish to report verbal threats and racial comments towards me by Officer Hoover. This Officer has made it clear to me that he has a problem with what happened back in October 1993, that lead to my removal from this Institution. I have requested a transfer from the Unit Manager Keller, Counselor Buzminsky, and Superintendant to no avail.

B. Actions taken and staff you have contacted before submitting this grievance:

I have sent request slips to my Counselor, Unit Manager, and Superintendant (See request slips attached).

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    _____
Signature of Grievance Coordinator                         Date

EXHIBIT (E)

| FORM DC-141 Rev. 6-84 | PART I | | COMMONWEALTH OF PENNSYLVANIA | | | | A 129076 | |
|---|---|---|---|---|---|---|---|---|

☑ MISCONDUCT REPORT ☐ OTHER    **DEPARTMENT OF CORRECTIONS**

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| AK8743 | Riley | SCIH | 1530 | 5/29/99 | 5/29/99 |

| Quarters | Place of Incident |
|---|---|
| E-3050 | Inside Visiting Room |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION** Class I Cat B-4 Engaging in sexual acts with others or sodomy  Class I Cat D-25 violation of Visiting regulation 2D unacceptable personal conduct

**STAFF MEMBER'S VERSION** Sir on the above date and approx time I was working in the Inside Visiting Room. As I was walking past the visitors bathroom area I observed AK8743 Riley and his female visitor, Anna Layton,    sitting side by side Riley on his visitors left. I further observed that his female visitors right hand was on his genital area and that Riley was covering her hand with his right. when they noticed me he quickly lifted his female visitor's hand away from his genitals. Visit was terminated.

**IMMEDIATE ACTION TAKEN AND REASON** Investigated, No further inquiry needed, inmate is informed of this report

**PRE-HEARING CONFINEMENT**

| | | IF YES | | |
|---|---|---|---|---|
| | TIME | DATE | | |
| ☐ YES | | | | |
| ☑ NO | | | | FORMS GIVEN TO INMATE ☑ REQUEST FOR WITNESSES AND REPRESENTATION    ☑ INMATE'S VERSION |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| | | DATE | TIME 24 HOUR B |
| _____ Traver COI | A. Smith   COII | 5-29-99 | 1715 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE | TIME | ☑ CLASS I  ☐ CLASS 2 | _____ W.R. COI |
| 5/31/99 | 08 00 | | |

**NOTICE TO INMATE**
You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found

EXHIBIT (F)

| DC-135A | **COMMONWEALTH OF PENNSYLVANIA** |
| **INMATE'S REQUEST TO STAFF MEMBER** | **DEPARTMENT OF CORRECTIONS** |

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) | 2. DATE |
| Mr. BUZMINSKY COUNSELOR | 5-29-99 |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) | 4. COUNSELOR'S NAME |
| RONALD A. RILEY, AK-8743 | BUZMINSKY |

| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT |
| UNASSIGNED | EA. 3050 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

Mr. Buzminsky,

Today at 2:00 PM. while I was on a visit with my family Officer Hoover lied and said that he walked up on me and my female visitor and observed her hand in my testicle area and gave me a misconduct after canceling my visit. The next morning I talked to Captain Markly and Unit Manager Tim Launtz about this situation and requested that they look at the video tape from camera (1) by the bathroom because I and my visitor's were ten feet from that camera. This Officer is not a regular in the visiting room and I know that this is a set-up and the camera will prove it. Again Mr. Buzminsky, I am requesting a transfer out of this Institution before something bad happens to me as a result of the hostility being exhibited towards me by this Staff.

Thank you.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |

**DC-804**
**PART 1**

EXHIBIT (F)

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**                    GRIEVANCE NO. _____

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| DIANA G. BANEY | SCI-HUNTINGDON | 5-29-99 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| RONALD A. RILEY, AK-8743 | | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| PAINT SHOP | EA 3050 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance.

Ms. Baney, this is my second complaint to you about my situation here at SCI-Huntingdon. In addition to making verbal threats Officer Hoover on 5-29-99 lied on me and my family member while out on a visit. At no time did this Officer observe my female visitor's hand any where near my testicle area and the camera in the inside visiting room will prove it. Ms. Baney, all of this could have been avoided if this Institution would have transferred me out of this hostile environment. If you will only take a look at my files you will see that I was put in the hole for almost six months and then transferred and a separation placed on me and this Institution for an alleged assault on Officer McFadden. Again Ms. Baney, I am requesting a transfer out of this before something bad happens to me as a result of the hostility being exhibited towards me by your Staff.

B. Actions taken and staff you have contacted before submitting this grievance:

In addition to sending request slips to my counselor Buzminsky, Unit Manager Keller, Grievance Coordinator Baney, Captain Markly, Unit Manager Tim Launtz and Superintendant Franks.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    _____
Signature of Grievance Coordinator                    Date