

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD A. RILEY, | : | |
| Plaintiff | : | |
| v. | : | No. 1:00-CV-00485 |
| | : | (Judge Rambo) |
| MARTIN HORN, et al., | : | |
| Defendants | : | |

FILED
HARRISBURG, PA

JUN 1 2 2000

MARY E. D'ANDREA, CLE
Per _____ Deputy Clerk

### DEFENDANTS' ANSWER

Defendants Martin Horn, Frederick Frank, Clinton Myers, James Grace, Gilbert Leroy, Diana Baney, Joel Keller, Timothy Launtz, Dennis Buzminsky, Joseph Stidd, Dennis Hoover, Julia McFadden, William Ward, and Harvey Bell, by their attorneys, answer the complaint as follows:

### FIRST DEFENSE

### I. JURISDICTION

1.  This paragraph states a conclusion of law to which no response is required. To the extent it is deemed factual, it is **DENIED**.

2.  **ADMITTED.**

3.  **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that Martin Horn is the Secretary of the Pennsylvania Department of Corrections. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

4.  **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that Frederick K. Frank was the Superintendent at the SCI-Huntingdon. By way of further response, Mr. Frank is no longer the Superintendent at SCI-Huntingdon. The remaining allegations contained in this

paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

5.  **ADMITTED** in part and **DENIED** in part. It is ADMITTED that at all times relevant to the complaint Clinton R. Myers was the Deputy Superintendent at SCI-Huntingdon. By way of further response, Mr. Myers is no longer employed at SCI-Huntingdon. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

6.  **ADMITTED** in part and **DENIED** in part. It is ADMITTED that James Grace is the Major of the Guard at SCI-Huntingdon. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

7.  **ADMITTED** in part and **DENIED** in part. It is ADMITTED that Gilbert Levy is the Intelligence Captain of SCI-Huntingdon. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

8.  **ADMITTED** in part and **DENIED** in part. It is ADMITTED that Diana G. Baney is the Grievance Coordinator at SCI-Huntingdon. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

9.  **ADMITTED** in part and **DENIED** in part. It is ADMITTED that Joel Keller is a Unit Manager of E Block at SCI-Huntingdon. The remaining allegations contained in this

paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

10. **ADMITTED** in part and **DENIED** in part. It is ADMITTED Timothy Launtz was the Unit Manager of AA and FA Blocks at SCI-Huntingdon at all time relevant in the complaint. Mr. Launtz is no longer employed at SCI-Huntingdon. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

11. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that Dennis Buzminsky was an assigned counselor to plaintiff. Mr. Buzminsky is no longer plaintiff's counselor. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

12. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that Joseph Stidd was a Hearing Examiner at SCI-Huntingdon. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

13. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that Dennis Hoover is a Correctional Officer at SCI-Huntingdon. The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED**.

14. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that Julia McFadden was a correctional officer at SCI-Huntingdon. The remaining allegations contained in this paragraph are **DENIED**.

15. **DENIED.  ADMITTED** that William Ward is the Chairman of the Pennsylvania Board of Probation and Parole.  The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED.**

16. **DENIED.**  J. Harvey Bell is the Pardons Case Specialist at the Department of Corrections.  The remaining allegations contained in this paragraph are conclusions of law to which no response is required; to the extent they are deemed factual, they are **DENIED.**

IV. FACTS

17. **DENIED.**

18. After a reasonable investigation, answering defendants are without sufficient knowledge or information concerning a misconduct issued to plaintiff on October 10, 1993; therefore this allegation is **DENIED.**  By way of further response, plaintiff was issued Misconduct No. 668566 on November 4, 1993 charging him with the assault of Officer McFadden.  The incident took place on November 2, 1993, at approximately 10:20 p.m.

19. After a reasonable investigation, answering defendants are without sufficient knowledge or information concerning a misconduct being dismissed by hearing examiner Mitchell on October 16, 1993; therefore this allegation is **DENIED.**  By way of further response, Misconduct No. 668527 was dismissed without prejudice on November 4, 1993 by the hearing examiner.  This misconduct was re-written by officer McFadden on November 4, 1993 as Misconduct No. 668566.

20. After a reasonable investigation, answering defendants are without sufficient knowledge or information concerning a hearing held on October 17, 1993; therefore this allegation is **DENIED.** By way of further response, a hearing was held on Misconduct No. 668566 on November 8, 1998, where plaintiff pled not guilty to the charge of assault, and requested three witnesses.

21. After a reasonable investigation, answering defendants are without sufficient knowledge or information concerning plaintiff's being found guilty of a misconduct on October 18, 1993 and sentenced to 90 days disciplinary custody; therefore this allegation is **DENIED.** By way of further response, on November 10, 1993, plaintiff was found guilty by the hearing examiner for assaulting officer McFadden and sanctioned to 60 days disciplinary custody.

22. **DENIED.**

23. After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the information contained in this paragraph; therefore, it is **DENIED.**

24. **DENIED. ADMITTED** that plaintiff was transferred on May 4, 1994 to SCI-Pittsburgh.

25. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that the plaintiff was granted parole to a community center on March 2, 1999, upon completion of certain terms and conditions found in Exhibit "A". The remaining allegations contained in this paragraph are **DENIED.**

26. **DENIED.** By way of further response, the March 24, 1999 memorandum stated that if plaintiff is not a problematic pre-release case, and if the institution staff recommended parole, arrangements should be made, in accordance with the established procedures, for transfer to SCI-Green for placement in outside units.

27. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that plaintiff was transferred to SCI-Huntingdon an May 12, 1999. The remaining allegations contained in this paragraph are **DENIED.**

28. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that Buzminisky notified the Institution at plaintiff's initial reception committee review that his file indicated an active separation from an officer. The remaining allegation contained in this paragraph is **DENIED.**

29.- 30. After a reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs; therefore, they are **DENIED**.

31. **ADMITTED.**

32. After a reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraphs; therefore, it is **DENIED**.

33. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that a hearing was held on June 2, 1999 regarding Misconduct No. A129076. The remaining allegations contained in this paragraph are **DENIED**.

34. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that Hearing Examiner Stidd dismissed the Class (1) category B-4, Engaging in sexual acts with others or sodomy charge because he believed that it was not a sexual act and that the hearing examiner found plaintiff guilty of a violation of visiting regulations 2D, unacceptable personal contact charge. The remaining allegations contained in this paragraph are **DENIED**.

35. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that on June 3, 1999, plaintiff appealed the category D-25 charge to the Program Review Committee ("PRC"), that after a review of plaintiff's appeal, the PRC dropped the misconduct to a Class II misconduct and dismissed the cell restriction and that the PRC upheld the 60 days loss of visiting privileges. The remaining allegations contained in this paragraph are **DENIED**.

36. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that on July 6, 1999, the Pennsylvania Board of Probation and Parole suspended Plaintiff's parole. The remaining allegations contained in this paragraph are **DENIED**.

37. **ADMITTED**.

38. **DENIED**. **ADMITTED** that Plaintiff was reviewed for parole on August 6, 1999 and that, in addition to defendants Keller and Buzminsky, Sgt. Curfman and other SCI-Huntingdon staff participated in a decision not to recommend plaintiff for parole

40. After a reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, it is **DENIED**.

41. **ADMITTED** in part and **DENIED** in part. It is ADMITTED that on December 8, 1999, the Pennsylvania Board of Probation and Parole rescinded plaintiff's parole. The remaining allegations contained in this paragraph are **DENIED.**

42.-43. **ADMITTED.**

44. After a reasonable investigation, answering defendants are without sufficient knowledge or information to form a belief as to the truth of the matters contained in this paragraph; therefore it is **DENIED.**

45.-46. **DENIED.**

47.-59. These paragraphs contain conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED.**

### SECOND DEFENSE

The complaint fails to state a claim for which relief can be granted.

### THIRD DEFENSE

This action is barred in part by the statute of limitations.

### FOURTH DEFENSE

At no time have the defendants, either individually or in concert with others, deprived or sought to deprive plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

### FIFTH DEFENSE

Plaintiff has failed to exhaust his available administrative remedies.

**SIXTH DEFENSE**

At all material times, defendants acted with a reasonable good faith belief in the lawfulness of their actions and are entitled to immunity.

**SEVENTH DEFENSE**

Plaintiff is entitled to no relief, whether compensatory, declaratory, injunctive, punitive or otherwise.

Respectfully submitted,

**D. MICHAEL FISHER**
Attorney General

By: _____
**MARYANNE M. LEWIS**
Deputy Attorney General

**SUSAN J. FORNEY**
Chief Deputy Attorney General
Chief, Litigation Section

**Office of Attorney General**
15th Flr., Strawberry Sq.
Harrisburg, PA 17120
FAX: (717) 772-4526
Direct Dial: (717) 787-9719

**DATE: June 12, 2000**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY,  :
:
    Plaintiff  :
:
v.  :  No. 1:00-CV-00485
:  (Judge Rambo)
MARTIN HORN, et al.,  :
:
    Defendants  :

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Answer, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Ronald A. Riley, #AK-8743
SCI-Huntingdon
Drawer R
1100 Pike St.
Huntingdon, PA 16654-1112

MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: June 12, 2000