JUDGE'S COPY



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. RILEY, | : |
| Plaintiff | : |
| v. | : No. 1:00-CV-00485 |
| | : (Judge Rambo) |
| MARTIN HORN, et al., | : |
| Defendants | : |

FILED
HARRISBURG
DEC 22 2000
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED SUPPLEMENTAL PLEADING

### INTRODUCTION

This is a civil rights action filed pursuant to 42 U.S.C.§ 1983 alleging claims under the First, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff, Ronald Riley, is an inmate currently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). Defendants are numerous employees, or former employees of the Pennsylvania Department of Corrections, ("DOC") or employees of the Pennsylvania Board of Probation and Parole ("Board"). The allegations in the complaint stem from an alleged "bogus" misconduct that affected Riley's parole, and an alleged unlawful transfer to SCI-Huntingdon. In addition, Riley claims that the defendants were "deliberately indifferent to a pattern of racial discrimination, harassment and reign of terror."

Riley filed a complaint in the United States District Court for the Middle District of Pennsylvania on March 14, 2000, and defendants answered the complaint on June 22, 2000. The parties have engaged in discovery. Discovery in this cases closes on January 31, 2001 and dispositive motions are to be filed on or before February 28, 2001.

On December 11, 2000, counsel for defendants received Riley's Amended Supplemental Pleading and a supporting memorandum. In his pleading, Riley seeks to add three additional defendants[1] to his original complaint. According to the pleading, these individuals should be added as defendants for falsifying documents and assisting the defendants in their continued retaliation by denying him an approved pre-release transfer and altering his prescriptive program. This Memorandum is filed in opposition to Riley's Amended Supplemental Pleading.

## QUESTIONS PRESENTED

A. SHOULD THE PLAINTIFF BE PERMITTED TO SUPPLEMENT THE COMPLAINT TO ADD ADDITIONAL DEFENDANTS AND TO INCLUDE A CLAIM OF RETALIATION?

B. SHOULD THE PLAINTIFF BE PERMITTED TO SUPPLEMENT THE COMPLAINT WHERE HE HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES?

## ARGUMENT

A. **The Plaintiff should not be permitted to supplement the complaint to add defendants and include a claim of retaliation**

At the outset, it must be noted that there is no unqualified right to file a supplemental pleading. Zenth Radio Corp. V. Hazeltine Research, Inc., 401 U.S. 321, 91 S. Ct. 795, 28 L.Ed 77 (1971). Federal Rule of Civil Procedure 15 (d) provides the mechanism for supplemental pleading.

---

[1] The additional defendants are Heather Wiedel, a counselor; J.J. Ogershok, a unit manager; and D.R. Erhart, the Deputy Secretary of the Department of Corrections.

Upon the motion of a party, the court may permit the party to serve a supplemental pleading.[2] The supplemental pleading must set forth transactions, occurrences or events which happened since the date of the pleading sought to be supplemented. *See* Fed. R. Civ. P. 15(d). While leave to permit supplemental pleading is "favored," City of Hawthorne v. Wright, 493 U.S. 813, 110 S. Ct. 107, L.Ed. 2d 28 (1989), it cannot be used to introduce a "separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neeley, 130 F. 3d 400, 402-03 (9th Cir. 1997) ; *see also* 6A Charles A. Wright et al., Federal Practice and Procedure § 1509 (1990), (noting that leave to file a supplemental complaint will be denied where the supplemental pleading could be the subject of a separate action.).

In this case, the supplemental pleading filed by Riley involves a new and distinct action that should be the subject of a separate suit. In his original complaint, Riley alleges that he was unlawfully transferred to SCI-Huntingdon and then issued a bogus misconduct. He alleges that this misconduct was issued to him in retaliation for his assault on a staff member in 1993, which caused his pre-release status to be revoked. Finally, Riley alleges he was subjected to a pattern of racial discrimination.

In his amended supplemental pleading, Riley seeks to include a claim of retaliation against three additional defendants. Riley alleges that these individuals retaliated against him because of the current civil action. He states that Weidel falsified documents and assisted the defendants in the

---

[2] Although Riley's pleading does not comport with FRCP No. 7(b)(1), and is not captioned as a "Motion." *See* Bornholdt v. Brady, 869 F. 2d 57, 68 (2d Cir. 1989) (nothing that Rule 15 (d) requires a motion). His supporting memorandum however, cites to Pa. Rule of Civil Procedure 15 (d). Undersigned counsel will therefore address this pleading as Supplemental Pleading pursuant to Fed. R. Civ. P. 15 (d).

continued retaliatory actions against him by denying him pre-release and altering his prescriptive program. According to Riley, Ogershock should be added as a defendant because of his retaliatory actions that led to the revocation of his pre release, and because he intentionally mislead him. Riley also believes that Erhart should be added as a defendant because he gave plaintiff false information pertaining to the revocation of his pre-release transfer. The retaliation mentioned in this pleading is alleged to have resulted from the filing of the present lawsuit, and not the 1993 incident pled in the original complaint. Because Riley attempts to introduce a separate, distinct and new cause of action against three additional individuals, he should be required to file a separate lawsuit.

**B.    Plaintiff should not be permitted to file a supplemental pleading because he has failed to exhaust his administrative remedies**

As noted in his memorandum, Riley states that he did file inmate grievances with the Grievance Coordinator at SCI-Huntingdon concerning the alleged altering of his prescriptive program. Riley fails to mention whether he completed the grievance process prior to filing the supplemental pleading. Here, Riley is seeking to supplement his complaint by adding a new and separate claim of retaliation that he has yet to exhaust through the administrative process available to him.

Pursuant to the PLRA, inmates are required to exhaust all applicable remedies, even though the administrative process may not provide the relief sought. Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000). The Third Circuit in Nyhuis went on to recognize that Congress clearly required exhaustion in §1997(e), and that "it is beyond the power of this court --or any other-- to excuse compliance with the exhaustion requirement and before a plaintiff can bring an action, he or she must exhaust the administrative remedies, regardless of whether exhaustion would be futile, inadequate or any other

basis." Nyhuis, supra. at 73, *quoting* McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Nyhuis establishes a bright-line rule that inmate-plaintiffs must exhaust all available remedies prior to seeking federal review.

Moreover, in Nyhuis, the Court noted that "the most natural reading of §1997(e) as it was amended by the PLRA, leads to the conclusion that Congress was not asking courts to evaluate the sufficiency of the administrative remedies, but merely intended to require prisoners to utilize the existing administrative remedies, whether the grievance procedure will produce the precise remedy that the prisoner seeks or some other remedy." Nyhuis, supra, at 73, *quoting* Moore v. Smith, 18 F.Supp. 2d 1360, 1364 (N.Ga.1998).

In addition, courts have recognized that, like a jurisdictional statute, the PLRA places on the prisoner the burden of demonstrating that he has exhausted administrative remedies and that, if the statutory requirement is to be enforced, a prisoner must do more than simply claim that he satisfied it. Exhaustion can be proven easily by documentary evidence, and the prisoner should be required to do so. In Brown v. Toombs, 139 F. 3d 1102 (6th Cir. 1998), for example, the court held that inmates who file lawsuits in federal court challenging the conditions of their confinement pursuant to §1983 "must allege *and show* that they have exhausted *all* available state administrative remedies." Id. at 1104 (emphasis added). "A prisoner should attach to his §1983 complaint the administrative disposition of his complaint." Id. The Court suggested that where the record fails to disclose that the inmate has complied with the exhaustion requirement, the complaint should be dismissed without prejudice.

In this case, Riley seeks to supplement his complaint with new claims of retaliation, providing false information and altering his prescriptive program. Although he began the grievance

process concerning these claims, he fails to provide information or documentation that he exhausted the prison's review process. Here, Riley should not be excused from the mandate of the PLRA by attempting to file a supplemental pleading. Because Riley has failed to establish that he has exhausted his administrative remedies regarding these new claims and additional defendants, his attempt to supplement his complaint should be denied.

## CONCLUSION

For the foregoing reasons, Riley's Amended Supplemental Pleading should be denied.

Respectfully submitted,

**D. MICHAEL FISHER**
Attorney General

By: _____
**MARYANNE M. LEWIS**
Deputy Attorney General

**SUSAN J. FORNEY**
Chief Deputy Attorney General
Chief Litigation Section

Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA 17120
Direct Dial: (717) 787-9719

DATE: December 22 , 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. RILEY, | : |
| Plaintiff | : |
| v. | : No. 1:00-CV-0485 |
| | : (Judge Rambo) |
| MARTIN HORN, et al., | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Memorandum in Opposition to Plaintiff's Amended Supplemental Pleading, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Ronald A. Riley, #AK-8743
SCI-Huntingdon
Drawer R
1100 Pike St.
Huntingdon, PA  16654-1112

MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: December 22, 2000