IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY, AK-8743, in
his own behalf,

          PLAINTIFF:

    NO. 1:00-CV-00485
    (JUDGE RAMBO)

-VS-

MARTIN HORN, et al.,

         DEFENDANT'S:

FILED
HARRISBURG
JAN 5 - 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### PLAINTIFF' REBUTAL TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S AMENDED SUPPLEMENTAL PLEADING.

TO THE HONORABLE SYLVIA H. RAMBO, JUDGE:

Named Plaintiff **RONALD A. RILEY, AK-8743, "pro se"**, files this herein Rebutal To Defendant's Opposition To Plaintiff's Amended Supplemental Pleading filed before this Honorable Court December 7, 2000.

**A. DENIED.** It is denied that Plaintiff attempts to introduce a separate, distinct and new cause of action against three (3) additional individuals, and that he should be required to file a separate lawsuit.

### SUMMARY

On March 24, 1999, Plaintiff was approved for Pre-Release

Transfer by the Department of Corrections (DOC).

On May 29, 1999, Plaintiff received a retalitory misconduct from Defendant Hoover.

On June 8, 1999, the retalitory misconduct was reduced to a Class (2) #35 misconduct by the Prison Review Committee at the State Correctional Institution Huntingdon (SCI-Huntingdon).

Plaintiff contends that as a direct result of the retalitory misconduct from Defendant Hoover Plaintiff's Pre-Release Status was revoked. On November 15-22, 2000, Plaintiff begain communicating with the Unit Manager (J.J. Ogershok) Counselor (Wiedel) Superintendent (Kyler) of the SCI-Huntingdon Administration, and the Commissioner (Horn) and Deputy Secretary (Erhart) of the DOC about why this retalitory misconduct from the 1993 alleged assault revoked Plaintiff's Pre-Release Status considering the fact that it was reduced to a Class (2). The above employees/officer's with diliberat indifference for Plaintiff's protected rights begain lying and trying to mislead Plaintiff as to the policies, directives, and legislatively Mandated Authority governing Pre-Release Programs. Ipso facto, the actions of the three (3) officers/employees is as a direct result of the retalitory misconduct from Defendant Hoover because of the 1993 incident; occuring after the filing of the pleading sought to be supplemented, the standerd in Rule 15 (d) FRCP applies in this case.

On page three (3) line (13) of Plaintiff's Memorandum In Support Of Amended Supplemental Pleading filed December 7, 2000, he state that the <u>answers</u> given by these officers/employees (NOT ACTI-

ONS) is in total violation of the policies and directives (DC-ADM 805) of the DOC, and the Legislatively Mandated Authority (Title 61 P.S. § 1051-1053), and is nothing more then retaliation against Plaintiff for the civil action now before this Honorable Court. Plaintiff contends that the <u>answers</u> given by these officers/employess <u>and</u> <u>not</u> their reason for not correcting the revocation of his Pre-Release Status are nothing more then lies and as a result of the current civil action. The <u>actions</u> or the reason for not correcting this revocation of Plaintiff's Pre-Release Status by the Unit Manager, Counselor, and Deputy Secretary is as a direct result of the alleged assault on a staff member in 1993. (See Plaintiff's Rebutal To Defendant's Answer Filed June 12, 2000, **Id. at page (11) ¶ 6**).

Plaintiff contends that even though state prisoners right to be admitted to Community Corrections Centers or Community Corrections Transfer is not a right guaranteed by Federal Constitution, however, where program was created by state and Bureau of Prisons was statutorily required to establish rules and regulations for the types of programs available, and the administrative criteria for releasing/approving inmates for Community Corrections Centers and Community Corrections Transfer, Plaintiff's current approvalfor this status is sufficiently embraced within Fourteenth Amendment "Liberty" (U.S. C.A. Const. Amend. 14), to entitle him to minimum procedures appropriate under the circumstances and required by due process clause to insure that state-created right was not arbitrarily abrogated. <u>KENTUCKY DEPT. OF CORRECTIONS V. THOMPSON</u>, 490 U.S. 454, 462, 109 S. Ct. 1910 (1989); <u>SPECTER V. GARRETT</u>, 971 F.2d at 955 (3rd Cir. 1992).

**B. DENIED.** It is denied that Plaintiff failed to exhaust his administrative remedies.

On November 15 and 23, 2000, Plaintiff sent a request slip to Unit Manager J.J. Ogershok on the block that he is housed, bringing the matter now before this Honorable Court to his attention as to the revocation of Plaintiff's Pre-Release Status. (plaintiff's Amended Supplemental Pleading Exhibit B).

On November 20, 2000, Plaintiff sent a request slip to the Superintendent Kenneth D. Kyler of the institution (SCI-Huntingdon) Plaintiff is incarcerated at, apprising him of the revocation of his Pre-Release Status. (Plaintiff's Amended Supplemental Pleading Exhibit C).

On November 20, 2000, Plaintiff sent a letter to the Commissioner of Corrections Martin Horn seeking his assistance in clearing up the revocation of his Pre-Release Status. (Plaintiff's Amended Supplemental Pleading Exhibit D).

On November 22, 2000, Plaintiff sent a request slip to his Counselor Heather Wiedel asking her did she comply with the rules and regulations to be followed in the revocation of Plaintiff's Pre-Release Status. (Plaintiff's Amended Supplemental Plead Exhibit E).

On November 28, 2000, Plaintiff apprised Deputy Secretary D.R. Erhart in person at SCI-Huntingdon as to the on going situation with the revocation of his Pre-Release Status. (Plaintiff's Amended Supplemental Pleading Exhibit F).

On November 21, 2000, Plaintiff filed an official inmate grievance to the grievance Coordinator Diana G. Baney informing her of the altering of Plaintiff's Prescriptive Program Plan by his Counselor. (Plaintiff's Amended Supplemental Pleading Exhibit G).

Plaintiff asserts that he has made a good faith attempt to exhaust administrative remedies by (1) filing numerous request slips to his Unit Manager and Counselor, (2) filed an official inmate grievance to the Grievance Coordinator, (3) filed a request slip to the Superintendent, and (4) spoke with the Deputy Secretary in person along with sending a letter to the Commissioner bring this matter to his attention before filing this Amended Supplemental Pleading now before this Honorable Court.

C O N C L U S I O N

WHEREFORE, Plaintiff **RONALD A. RILEY, AK-8743, "pro se"**, respectfully request this honorable Court to grant him leave to Amended his complaint.

DATED: JANUARY 1, 2001

Respectfully Submitted,

RONALD A. RILEY, AK-8743
PLAINTIFF pro se
1100 PIKE STREET
HUNTINGDON, PA 16654

CERTIFICATE OF SERVICE

This is to certify that on January 1, 2001, a true and correct copy of Plaintiff's Rebutal To Defendant's Opposition To Plaintiff's Amended Supplemental Pleading was served First Class Mail, and by placing said in his prison mail box for service upon the following:

OFFICE OF THE ATTORNEY GENERAL
MARYANNE M. LEWIS
15th Flr., STRAWBERRY SQUARE
HARRISBURG, PA 17120

DATED: JANUARY 1, 2001

Respectfully Submitted,

RONALD A. RILEY, AK-8743
PLAINTIFF pro se
1100 PIKE STREET
HUNTINGDON, PA 16654