*Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY, AK-8743,
in his own behalf,

        PLAINTIFF:

   -VS-                    NO. 1:00-CV-00485
                           (JUDGE RAMBO)

MARTIN HORN, et al.,

        DEFENDANT'S:

FILED
HARRISBURG, PA
FEB 8 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

MOTION TO AMEND PLAINTIFF'S
MOTION/MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY.

TO THE HONORABLE SYLVIA H. RAMBO, JUDGE:

Named Plaintiff in the above action, **RONALD A. RILEY, AK-8743, "pro se"**, now submits his Motion To Amend Motion/Memorandum In Supprot Of Plaintiff's Motion To Compel Discovery filed before this Honorable Court September 11, 2000.

Pursuant to FRCP 15(d) which provides upon motion of a party the Court may, upon reasonable notice and upon such terms as are just, permit the party to serve a Supplemental Pleading setting forth transactions or occurrences or events which have happened since the date of the Pleading sought to be Supplemented.

Plaintiff hereby incorporates by reference page 1 and 2 of his Motion For An Order Compelling Discovery and paragraphs 1 through 4 of his Memorandum In Support Of Plaintiff's Motion To Compel Discovery filed September 11, 2000, as if fully set fourth herein.

## SUPPLEMENTAL ISSUES

1. On January 4, 2001, Plaintiff served a Fourth Set of Interrogatories on Defendant's HORN. (Exhibit A.).

On January 31, 2001, Defendant's served an Answer to Plaintiff's Fourth Set of Interrogatories on Plaintiff. (Exhibit B.).

In Defendant's response to Interrogatories 1, 2, 3, and 5 dated January 31, 2001, Defendant's stated that Plaintiff was transferred from SCI-Pittsburgh to SCI-Huntingdon because (1) he was approved to be paroled to an approved community corrections center (CCC); (2) inmates excepeted into centers in Region (2) are processed for transfer to SCI-Huntingdon; and (3) SCI-Huntingdon was the only facility in Region (2) with Outside Units.

On March 24, 1999, a Pre-Release Transfer Order was issued by the Department of Corrections (DOC) transferring Plaintiff to SCI-Greenes Outside Unit and not SCI-Huntingdons Outside Unit as stated in Defendant' response January 31, 2001. (Exhibit C.).

Plaintiff contends that it cannot be found any where in the

Department of Corrections Administrative Directive Manual (DC-ADM) where the reasons given by the Defendant's in their response to Interrogatories January 31, 2001, is DOC policy or procedure for transferring custody level (2) inmates approved for CCC placement.

In his Complaint filed before this Honorable Court Plaintiff contends that with deliberate indifference for Plaintiff's well being, Defendant's reclassified and transferred Plaintiff back into a Hostile and Life Threatening Environment ¶ 45, 46, 48, and 49 **Id.**

Plaintiff reiterates his request for the production of documents of the rules, regulations, and policy directives of the DOC requested in his Memorandum In Support Of Plaintiff's Motion To Compel Discovery filed before this Honorable Court September 11, 2000, **Document Request # 1, 2, 3, 4, 6, 7, and 18** pertaining to the transferring of custody level (2) inmates to other prisons for any reason(s). Additionally, Plaintiff contends that he is entitled to this information because it goes to prove a critical contention made by Plaintiff in his Complaint. BURKS V. CITY OF PHILADELPHIA, Cite as 904 F. Supp. 424 (E.D. Pa. 1995); SEMPIER V. JOHNSON & HIGGINS, Cite as 45 F.3d 735 (3rd Cir. 1995).

CORRECTED STATEMENT

2. Plaintiff contends that as a direct result of the misinformation given to him by his Counselor Mrs. WIEDEL and Unit Manager J.J Ogershok, he must now ask this Honorable Court for leave to Amend/Correct ¶3 section A Interrogatories # 5, 6, 7, 8, 9, 10, 12,

and 13 in his Memorandum In Support Of Plaintiff's Motion To Compel Discovery filed September 11, 2000. After further investigation into DC-ADM 805-2 section (a)(6), and Defendant's Memorandum Of Law In Opposition To Plaintiff's Motion To Compel Discovery, it became evident that Plaintiff not only qualified for Pre-Release but was approved/granted Pre-Release Transfer March 24, 1999. Plaintiff wish to Amend/Correct only that part of the above mentioned Interrogatories.

C O N C L U S I O N

**WHEREFORE**, Plaintiff **RONALD A. RILEY, AK-8743**, "pro se", respectfully request this Honorable Court to grant Plaintiff's Motion To Amend his Pleading filed September 11, 2000.

DATED: FEBRUARY 5, 2001

Respectfully Submitted,

*[signature]*

RONALD A. RILEY, AK-8743
PLAINTIFF pro se
1100 PIKE STREET
HUNTINGDON, PA 16654

CERTIFICATE OF SERVICE

This is to certify that on February 5, 2001, a true and correct copy of Plaintiff's Motion To Amend Plaintiff's Motion/Memorandum in support of motion to compel discovery was served First Class Mail, and by placing said in his prison mail box for service upon the following:

OFFICE OF THE ATTORNEY GENERAL
MARYANNE M. LEWIS
15th Flr., STRAWBERRY SQUARE
HARRISBURG, PA 17120

Respectfully Submitted,

RONALD A. RILEY, AK/8743
PLAINTIFF pro se
1100 PIKE STREET
HUNTINGDON, PA 16654

E X H I B I T (A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY, AK-8743, in
his own behalf,

PLAINTIFF:

No. 1:00-CV-00485

(JUDGE RAMBO)

-VS-

MARTIN HORN, et al.,

DEFENDANT'S:

PLAINTIFF'S FOURTH SET OF INTERROGATORIES.

Plaintiff's request, pursuant to Rule 33 of the Federal Rules Of Civil Procedures, that Defendant MARTIN F. HORN answer the following interrogatories:

1. Why was Plaintiff transferred from SCI-Pittsburgh ?

2. Why was Plaintiff not transferred to SCI-Green ?

3. Why was'nt Plaintiff transferred to any of the other prisons/institutions in regein (2) ?

4. How many prisons/institutions are their in regein (2) ?

5. Why was Plaintiff transferred back to SCI-Huntingdon ?

Please take notice that the above requested interrogatories shall served upon Plaintiff at SCI-Huntingdon, 1100 PIKE STREET HUNTINGDON, PA 16654.

DATED: JANUARY 4, 2001

Respectfully Submitted,

RONALD A. RILEY, AK-8743
PLAINTIFF pro se
1100 PIKE STREET
HUNTINGDON, PA 16654

## CERTIFICATE OF SERVICE

This is to certify that, on <u>January 4, 2001,</u> a true and correct copy of the enclosed discovery request was served on Counsel for the Defendant's First Class Mail, and by placing said document in my prison mail for service at the below address:

OFFICE OF THE ATTORNEY GENERAL
MARYANNE M. LEWIS
15th Flr., STRAWBERRY SQUARE
HARRISBURG, PA 17120

Respectfully Submitted,

RONALD A. RILEY, AK-8743
PLAINTIFF pro se
1100 PIKE STREET
HUNTINGDON, PA 16654

E X H I B I T  (B.).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY,  :
:
    Plaintiff  :
:
v.  :   No. 1:00-CV-00485
:   (Judge Rambo)
MARTIN HORN, et al.,  :
:
    Defendants  :

## DEFENDANTS' ANSWERS TO PLAINTIFF'S
## FOURTH SET OF INTERROGATORIES

**INTERROGATORIES:**

1. Why was plaintiff transferred from SCI-Pittsburgh?

**ANSWER:**

Plaintiff was transferred from SCI-Pittsburgh because he was approved to be paroled to an approved community corrections center.

2. Why was Plaintiff not transferred to SCI-Green?

**ANSWER:**

Plaintiff was not transferred to SCI-Greene because he was approved to be transferred to the Harrisburg Community Corrections Center, which is within the area known to the Department of Corrections as Region II. Inmates accepted into centers in Region II are processed for transfer to SCI-Huntingdon.

3. Why was'nt Plaintiff transferred to any of the other prisons/institutions in regein (2)?

**ANSWER:**

Plaintiff was not transferred to any of the other prisons in Region II because SCI-Huntingdon was the only facility in Region II with Outside Units.

4. How many prisons/institutions are their in regein (2)?

**ANSWER:**

Including the Boot Camp at Quehanna, Pennsylvania, there are eight correctional facilities in Region II.

   5.   Why was Plaintiff transferred back to SCI-Huntingdon?

**ANSWER:**

Plaintiff was transferred to SCI-Huntingdon because he was approved for placement into a Community Corrections Center ("CCC") located in Harrisburg, Pennsylvania. This CCC was in Region II. Inmates accepted into CCC's in Region II are transferred to a correctional facility within that region that has Outside Units. SCI-Huntingdon is the prison in Region II that houses inmate's who are being placed into a Region II CCC.

In addition, plaintiff no longer had any active separations at SCI-Huntingdon, because the staff member he was separated was no longer employed at SCI-Huntingdon.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By: *[signature]*

MARYANNE M. LEWIS
Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

Office of Attorney General
15th Flr., Strawberry Sq.
Harrisburg, PA 17120
FAX: (717) 772-4526
Direct Dial: (717) 787-9719

**DATE: January 31, 2001**

-6-


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD A. RILEY, | : |
| Plaintiff | : |
| v. | : No. 1:00-CV-0485 |
| | : (Judge Rambo) |
| MARTIN HORN, et al., | : |
| Defendants | : |

## VERIFICATION OF DONALD WILLIAMSON

I, **DONALD WILLIAMSON**, Diagnostic and Classification Coordinator, Bureau of Inmate Services, hereby state that the foregoing answers to interrogatories are true and correct and based upon my personal knowledge.

1/29/01
DATE

_____
DONALD WILLIAMSON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY, :
:
    Plaintiff :
:
v. : No. 1:00-CV-0485
: (Judge Rambo)
MARTIN HORN, et al., :
:
    Defendants :

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Answers to Plaintiff's Fourth Set of Interrogatories, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Ronald A. Riley, #AK-8743
SCI-Huntingdon
Drawer R
1100 Pike St.
Huntingdon, PA 16654-1112

 

MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: January 31, 2001

E X H I B I T (C).

EXHIBIT (B)

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
March 24, 1999

SUBJECT: AK8743 Ronald Riley
PBPP # 7297-S

TO: Bonita Dripps
Institutional Parole Agent
SCI-Pittsburgh

FROM: Paul M. O'Connor
Director, Region 2
Bureau of Community Corrections

Please be advised that a parole release date for the above noted inmate has been established for Monday, November 22, 1999.

Please instruct the inmate to report directly to the facility between 8:30 am and 4:30 pm, and see that he has the following facility's address and phone number prior to release:

Harrisburg Community Corrections Center
27 North Cameron Street
Harrisburg, PA   17101
Phone (717) 787-4427

Please notify the facility by phone of the time the inmate leaves the institution, the method of transportation and approximate time of arrival.

Please ensure that the institution's Corrections Health Care Administrator is advised of the acceptance of this individual into Community Corrections. It is essential that Community Corrections receives a medical update in order to provide a continuity of services from your facility to Community Corrections. In addition, please ensure that the appropriate PPD test is completed and negative before transfer.

This inmate has been accepted as a parolee into a Community Corrections Center with an acceptance date of more than three months into the future. If he is not a problematic pre-release case and if institution staff recommended parole, arrangements should be made, in accord with established procedures, for transfer to SCI-Greene for placement in Outside Units. Staff at SCI-Greene should make adequate transportation arrangements in order to assure that this individual will arrive at the Community Corrections Center on the acceptance date.

Parolee must abide by all rules and regulations of the housing facility.

If you have any questions or anticipate a delay in this parole, please notify the Regional Office staff at (717) 787-8127.

cc: Philip L. Johnson, Supt., PIT
Jeffrey A. Troutman, Center Director
Harrisburg Dist. Parole Office
Regional File