# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(48)
4-13-01
sc

RONALD A. RILEY, AK-8743,    :

            PLAINTIFF:   :

                       :

                       :    NO. 1:00-CV-00485

   -VS-              :

                       :

                       :

MARTIN F. HORN, et al.,    :

            DEFENDANT'S:  :

**FILED**
HARRISBURG, PA

APR 12 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANT'S BRIEF SUPPORTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

TO THE HONORABLE SYLVIA H. RAMBO, JUDGE:

    Plaintiff RONALD A. RILEY, AK-8743, "pro se", now files this herein Brief In Opposition To Defendant's Brief Supporting Defendants Motion For Summary Judgment.

    Plaintiff hereby incorporates by reference paragraphs 1 through 59 of his Complaint filed March 14, 2000, page 1 through 16 of his Rebuttal To Defendant's Answer filed June 12, 2000, page 1 through 5 of his Rebuttal To Defendant's Opposition To Plaintiff's Amended Supplemental Pleading filed January 1, 2001, and paragraphs 1 through 39 of his Rebuttal In Opposition To Defendant's Summary Judgment And Statement Of Material Facts filed March 19, 2001, as if set forth at length herein.

    Pursuant to Local Rule 7.5 requesting that any party filing

a Motion shall be required to file a brief in support of that Motion. In Defendant's Brief In Support Of Defendant's Motion For Summary Judgment And Statement Of Material Facts Defendant's issue IV. Exhaustion Of Administrative Remedies is not raised in Defendant's Statement Of Material Facts filed March 15, 2001, and is thereby barred from this present argument as it is new matter.

Plaintiff's Response To Issue I.

See Plaintiff's Complaint filed March 14, 2000, **¶'s 18-24.**

Plaintiff's Response To Issue II.

Plaintiff contends that one of the establishing factors for his claim of retaliation is the arbitrary transferring of Plaintiff back to SCI-Huntingdon when the transfer Order Of March 25, 1999, clearly state SCI-Greene, and the Defendant's never produced any other transfer Order. The equal protection clause of the Fourteenth Amendment protects against being subjected to judgment without restrictions, capricious, or unreasonable. Surely in this case transferring Plaintiff back into this Hostile and Life Threatening Environment in spite of the only transfer Order instructing them to transfer Plaintiff to SCI-Greenes Outside Unit, and with over 24 additional institutions available of which Plaintiff qualify for admittance, is surely unreasonable and arbitrary in light of the fact that this institution convicted Plaintiff of assaulting a Correctional Officer with no evidence what-so-ever. By way of further response, see Issue One **¶'s 1-6** and Issue Two **¶'s 1-6** of Plaintiff's Rebuttal To Defendant's Ans-

wer filed June 12, 2000.

Defendant's argument on page 5 line 4 that "should this Court conclude that Riley somehow has proven a constitutionally protected right in his transfer, he fails nonetheless to prove that his transfer was made for reasons other than a legitimate penological interest." Plaintiff's question is why did the Defendant's transfer Plaintiff back to SCI-Huntingdon when the Transfer Order stated SCI-Greene, and in Executive Deputy Commissioner Beards Memorandum dated May 4, 1999, he stated do not transfer any inmate to the CL2 Unit at SCI-Huntingdon who are **problematic cases**, and Plaintiff is classified as a **problematic case** ?

Defendant's have yet to answer this question and the facts relied upon by the Defendant's (Transfer Order, and Memorandum by the Deputy Commissioner Beard) all point to Plaintiff not being transferred back to SCI-Huntingdon. Moreover, what "penological interest" could the Defendant's have in mind for the Plaintiff when they have to violate every policy/procedure/memorandum to force Plaintiff back to SCI-Huntingdon ? (Plaintiff's Rebuttal In Oppostion To Defendant's Summary Judgment And Statement Of Material Facts, filed March 19, 2001, **id. at page 10 ¶ 2-3.**).

Again, the Defendant's are trying to mislead this Honorable Court because Plaintiff was transferred May 12, 1999, after the Memorandum of May 4, 1999, went into effect. Additionally, in Plaintiff's Rebuttal To Defendant's Statement Of Material Facts Plaintiff asserts that these Memorandums are fraud conjured up to mislead this Honorable Court into thinking that they are Department Of Corrections pol-

icy and they are not. (Plaintiff's Rebuttal In Opposition To Defendants Summary Judgment And Statement Of Material Facts **id. at ¶ 38**). Additionally, prison records or memorandums are not admissible in support of the Defendant's Motion For Summary Judgment. <u>UNITED STATES V. WARE</u>, 247 F.2d 698, 700 (7th Cir. 1957); <u>BRACEY V. HERRINGA</u>, 466 F.2d 702 (7th Cir. 1972).

Plaintiff's Response To Issue II. B.

See Plaintiff's Rebuttal To Defendant's Answer filed June 12, 2000, **id. at Issue Two page 10 ¶'s 1-6, and Issue Four page 13 ¶'s 1-9.** By way of further response, see Plaintiff's Affidavit attached as Exhibit A.

Plaintiff's Response To Issue III.

See Plaintiff's Rebuttal To Defendant's Answer filed June 12, 2000, **id. at Issue Two page 10 ¶'s 5-7.** By way of further response, see Plaintiff's Affidavits attached as Exhibit A and B.

In response to the grievance coordinator Baney, see Plaintiff's Rebuttal To Defendant's Answer filed June 12, 2000, **id. at page 6,** and Plaintiff's Rebuttal In Opposition To Defendant's Summary Judgment And Statement Of Material Facts filed March 19, 2001, **id. at ¶ 17.**

In Response To Issue IV.

See Plaintiff's Rebuttal To Defendant's Answer filed June 12,

2000, **id. at Fifth Defense page 5-7** and Plaintiff's Complaint filed March 14, 2000, **id. at ¶'s 29-30.** By way of further response, on January 10, 2001, Plaintiff appealed the Retaliatory misconduct Of May 29, 1999, to the Superintendent, and on January 19, 2001, Plaintiff Appealed this misconduct to the Office Of The Attorney General to serve on Defendant Horn. (Exhibit C.). Additionally, prior to this filing Plaintiff appealed this same misconduct to the grievance coordinator and Commissioners Office. (See Plaintiff's Rebuttal To Defendant's Answer filed June 12, 2000, **id. at page 6.** Moreover, pursuant to DC-ADM 804-3 section (1) it states appeals sent to the Commissioner (Defendant Horn) are automatically sent to the Chief Hearing Examiner.

On December 26, 2000, Plaintiff appealed the grievance coordinators decision to the Office Of The Attorney General to serve on Defendant Horn. (Exhibit D.).

Plaintiff contends that the administrative remedies mentioned in Defendant's deposition transcript have been exhausted when Plaintiff filed the grievance to the grievance coordinator and the appeal to the Commissioner pertaining to this very matter. By way of further response, Plaintiff contends that the additional appeals was to make Defendant aware of this misconduct again since they claim that they did not receive Plaintiff's prior appeals. **(Dep. page 36 line 5-7).**

In Plaintiff's Request for Production Of Documents # 9, he requested "a copy of any and all follow up reports/investigations by the Superintendent Franks, Deputy Superintendent Myers, Major Grace, Intelligence Captain Levy, Unit Manager Launtz, and Keller, in regards to the Initial Reception Committee Review Report May 12, 1999."

**Id. at ¶ 9 page 2.** (Plaintiff's Request For Production Of Documents filed July 3, 2000).

In Defendant's Memorandum Of Law In Opposition To Plaintiff's Motion To Compel Descovery Defendant's state pertaining to the follow up reports/investigations into the Initial Reception Committee Review Report that "No documents can be located." Additionally, the Defendant's (including Keller) state "If any reports or investigations were initiated after the May 12, 1999, review, they would have been in Rileys DC-14." **Id. at page 9 line 7-16** (Defendant's Memorandum Of Law In Opposition To Plaintiff's Motion To Compel Discovery filed September 29, 2000).

In Plaintiff's Interrogatories (Third Set) to Defendant Keller Plaintiff asked Defendant Keller did he write a report, and did anyone **speak with him** about Plaintiff's situation upon his arrival to his Block May 12, 1999, and Defendant Keller made no mention of an **investigation** subsequent to the Initial Reception Committee Review May 12, 1999. **Id. at ¶'s 15-16 page 3.** (Plaintiff's Third Set Of Interrogatories filed July 3, 2000).

In Defendant's Motion For Summary Judgment And Statement Of Facts filed March 15, 2001, Defendant Keller stated "subsequent to the IRC meeting, Riley's separation status was investigated" by him. **Id. at ¶ 12.**

Plaintiff contends that Defendant Keller knowingly, willfully, and with deliberate indifference to 28 U.S.C. § 1746 Unsworn Declaration to Authorities committed perjury in his statement March 15, 2001, after repeatedly stating that no investigation was initiated by anyone at SCI-Huntingdon subsequent to the Initial Reception Committee

Review Report May 12, 1999. Moreover, this perjured testimoney calls into question any statements made by this Defendant because of his lack of trust worthiness and judicial notice is requested of this Honorable Court. Moreover, the Defendant's provided a Declaration from Heather Haldeman Weidel, Plaintiff's Counselor at SCI-Huntingdon, who after a Exhaust investigation of institution files Ms. Weidel could not locate any follow up reports/investigations concerning the May 12, 1999, Initial Reception Committee Review Report, and calls into question any of the statements that they investigated this matter.

## C O N C L U S I O N

**WHEREFORE,** Plaintiff RONALD A. RILEY, AK-8743, "pro se", respectfully request this Honorable Court to dismiss Defendant's Motion For Summary Judgment And Statement Of Material Facts and grant Plaintiff the relief that he seek.

DATED: 4/9/2001

Respectfully Submitted,

RONALD A. RILEY, AK-8743
Plaintiff pro se
1100 PIKE STREET
HUNTINGDON, PA 16654

## CERTIFICATE OF SERVICE

This is to certify that on ___4/9___, 2001, a true and correct copy of Plaintiff's Brief In Opposition To Defendants Brief Supporting Defendant's Motion For Summary Judgment was served First Class Mail, and by placing said in my prison mail for service upon the following:

OFFICE OF THE ATTORNEY GENERAL
MARYANNE M. LEWIS
15th Flr., STRAWBERRY SQUARE
HARRISBURG, PA 17120

Respectfully submitted,

RONALD A. RILEY, AK-8743
PLAINTIFF pro se
1100 PIKE STREET
HUNTINGDON, PA 16654

E X H I B I T   (A).

## A F F I D A V I T

 

**I, ROANLD A. RILEY, AK-8743,** hereby certify pursuant to 28 U.S.C. § 1746, subject to the penalties of perjury under the laws of the United States of America that the statements set forth below are true and correct to the best of my belief, understanding, recollection and information.

1. Plaintiff hereby state that Officer Dennis Hoover was working May 23, 1999, and did state "They should not have brought your ass back here. That is what is wrong with you stupid ass neggers. But I am going to get your ass if that is the last thing that I do."

I, declare under penalty of perjury that the foregoing is true and correct. Executed at SCI-Huntingdon 1100 PIKE STREET HUNTINGDON, PENNSYLVANIA 16654.

DATED: <u>MARCH 30, 2001</u>

Respectfully Submitted,

E X H I B I T (B).

A F F I D A V I T

I, **ROANLD A. RILEY, AK-8743**, hereby certify pursuant to
28 U.S.C. § 1746, subject to the penalties of perjury under the laws
of the United States of America that the statements set forth below
are true and correct to the best of my belief, understanding, reco-
llection and information.

1. At no time did Counselor Buzminsky inform Plaintiff that
his placement at SCI-Huntingdon was proper, and that he had no act-
ive institutional separations.

2. On May 12, 1999, Plaintiff sent a request slip to Counselor
Buzminsky informing him that he was not suppose to be back in SCI-
Huntingdon.

3. On May 23, 1999, Plaintiff sent a requset slip to Counselor
Buzminsky informing him of Officer Hoovers threat and racial remark.

4. On May 29, 1999, Plaintiff sent a request slip to Counselor
Buzminsky informing him of the set-up by Officer Hoover with the
retalitory misconduct in the visiting room, and his request for
transfer before something bad happens to him by the staff at SCI-
Huntingdon.

I, declare under penalty of perjury that the foregoing is

true and correct. Executed at SCI-Huntingdon 1100 PIKE STREET HUNT-

INGDON, PENNSYLVANIA 16654.

DATED: <u>MARCH 30, 2001</u>

Respectfully Submitted,

# A F F I D A V I T

I, **RONALD A. RILEY, AK-8743,** hereby certify pursuant to
28 U.S.C. § 1746, subject to the penalties of perjury under the
laws of the United States of America that the statements set forth
below are true and correct to the best of my belief, understanding
recollection and information.

1. At no time while Plaintiff was housed at SCI-Huntingdon
did Unit Manager Joel Keller inform Plaintiff that he did not have
any active separations at SCI-Huntingdon.

2. At no time while Plaintiff was housed at SCI-Huntingdon
did Unit Manager Joel Keller inform Plaintiff of why he was transf-
erred back to SCI-Huntingdon.

3. On May 12, 1999, Plaintiff sent a request slip to Unit Man-
ager Joel Keller informing him of the fact that Plaintiff was not
suppose to be in SCI-Huntingdon due to a separation between him
ans said institution. And that a lot of the guards/staff still
hold the alleged assault against him.

I, declare under penalty of perjury that the foregoing is true
and correct. Executed at SCI-Huntingdon 1100 PIKE STREET HUNTINGDON,
PENNSYLVANIA 16654.

DATED: _3/30/2001_

Respectfully Submitted

E X H I B I T (C).

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>**INSTRUCTIONS**<br>Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1.  To: (Name and Title of Officer)<br>KENNETH D. KYLER, SUPERINTENDENT | 2.  Date:<br>1-10-2001 |
|---|---|

| 3.  By: (Print Inmate Name and Number)<br>RONALD A. RILEY, AK-8743<br><br>_Inmate Signature_ | 4.  Counselor's Name<br>MRS. WIEDEL<br><br>5.  Unit Manager's Name<br>J.J OGERSHOK |
|---|---|

| 6.  Work Assignment<br>PAINT SHOP | 7.  Housing Assignment<br>FA. 3028 |
|---|---|

**8.  Subject:  State your request completely but briefly.  Give details.**

Superintendent Kyler,

     This is an appeal from the decision of the PRC dated June 8, 1999. (Exhibit A). Appellant contends that the PRC's decision should be over turned because: (1) the Hearing Examiner refused to review the only evidence in this case in violation of DC-ADM 801-1 section (C), (2) the Hearing Examiner threw-out the charge (B-4) that specified the D-25 charge pursuant to DC-ADM 801-3, and (3) this is a retalotory misconduct which Appellant brought to the attention of Superintendent Franks before it happened by request slip 5-23-1999. (Exhibit B.).

Respectfully Submitted,

**9.  Response: (This Section for Staff Response Only)**

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
Print               Sign

Revised July 2000

RONALD A. RILEY
AK-8743
1100 PIKE STREET
HUNTINGDON, PA 16654

RECEIVED
Office of Attorney General

JAN 2 4 2001

Litigation Section

OFFICE OF THE ATTORNEY GENERAL
MARYANNE M. LEWIS                           January 19, 2001
15th Flr., STRAWBERRY SQUARE
HARRISBURG, PA 17120

## APPEAL FROM THE RETALITORY MISCONDUCT
## OF MAY29, 1999.

### SUMMARY

1. On May 29, 1999, Appellant received a retalitory misconduct (NO. A 129076) from Officer Hoover.

At the Hearing held June 2, 1999, Appellant plead Not Guilty and requested the Hearing Examiner Stidd review the video tape from inside the visiting room the day in question.

After refusing to review the only evidence in this case (The Video Tape) the Hearing Examiner dismissed the Class (1) B-4 charge and found Appellant guilty of the Class (1) D-25 charge.

On June 4, 1999, Appellant appealed the Hearing Examinerrs decision to the PRC.

On June 8, 1999, the PRC changed the Class (1) D-25 charge to a Class (2) #35 charge.

On January 10, 2001, Appellant appealed the PRC's decision

2

to the Superintendent at SCI-Huntingdon.

2. Appellant contends that the PRC's decision should be overturned because; (1) the Hearing Examiner refused to review the only evidence in this case, (2) the Hearing Examiner threw-out the charge (B-4) that specified the D-25 charge pursuant to DC-ADM 801-3 and (3) the Superintendent refused to address Appellant's appeal filed January 10, 2001.

Deputy Attorney General, please present Appellant's appeal to Commissioner Horn in the above caption matter requesting that the misconduct of May 29, 1999, be dismissed against him for the above mentioned reasons.

Respectfully Submitted,

E X H I B I T  (D).

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1.  To: (Name and Title of Officer)<br>Kenneth D. Kyler, Superintendent | 2.  Date:<br>December 26, 2000 |
|---|---|

| 3.  By: (Print Inmate Name and Number)<br>RONALD A. RILEY, AK-8743<br><br>_____ Inmate Signature _____ | 4.  Counselor's Name<br>WIEDEL |
|---|---|
| | 5.  Unit Manager's Name<br>J.J OGERSHOK |
| 6.  Work Assignment<br>PAINT SHOP | 7.  Housing Assignment<br>FA 3028 |

8.  Subject:  State your request completely but briefly.  Give details.

Dear Superintendent,

    This is an appeal from the Grievance Coordinator (Diana G. Baney) refusal to investigate the altering of my Prescriptive Program Plan by my Counselor Mrs. Wiedel. Attached is a copy of the grievance that I filed November 21, 2000. Sir, I am requesting that this matter be investigated because this action on the part of my Counselor calls into question all of the documentation in my prison file that my Counselor was privileged to.

                                                       Thank you,

9.  Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date _____
                           Print                                  Sign

Revised July 2000

RONALD A. RILEY
AK8743
1100 PIKE STREET
HUNTINGDON, PA 16654


OFFICE OF THE ATTORNEY GENERAL                    January 3, 2001
MARYANNE M. LEWIS
15th Flr., STRAWBERRY SQUARE
HARRISBURG, PA 17120


RE: RILEY -VS- HORN, et al., No. 1:00-CV-00485


Dear Deputy Attorney General,


     Pursuant to Plaintiff's Amended Supplemental Pleading filed
December 7, 2000, and Rebutal To Defendant's Opposition To Plainti-
ff's Amended Supplemental Pleading filed January 1, 2001, Plaintiff
seeks to have Corrections Counselor Heather Wiedel added to his Com-
plaint for altering prison documentation in Plaintiff's prison file.

     The purpose of this communication/appeal from the refusal of
the Grievance Coordinator Diana G. Baney to investigate and correct
this matter, is to apprise the commissioner (Defendant Horn) of the
alteration of prison documentation and to seek his assistance in
resolving this matter.


                                        Respectfully Submitted,