ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY, :
:
    Plaintiff :
:
v. : No. 1:00-CV-00485
: (Judge Rambo)
MARTIN HORN, et al., :
:
    Defendants :

FILED
HARRISBURG

APR 2 3 2001

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

This is a civil rights action filed pursuant to 42 U.S.C.§ 1983 alleging claims under the First, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff, Ronald Riley, is an inmate currently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). Defendants are numerous employees or former employees of the Pennsylvania Department of Corrections ("DOC"), or the Pennsylvania Board of Probation and Parole ("Board"). The allegations in the complaint stem from an alleged unlawful transfer to SCI-Huntingdon and an alleged "bogus" misconduct that Riley asserts was issued in retaliation for a prior charge of staff assault. In addition, Riley claims that the defendants were "deliberately indifferent to a pattern of racial discrimination, harassment and reign of terror."

Following the close of discovery, defendants filed a motion for summary judgment on the merits of Rileys' claim. In support of their motion, defendants filed unsworn declarations with exhibits, a statement of undisputed facts and a supporting brief. Riley opposed the motion by filing

a brief in opposition to defendants' motion for summary judgment. This memorandum is filed in response to Riley's brief in opposition to defendants' motion for summary judgment.

## ARGUMENT

### A. Summary Judgment Standards

Summary judgment is proper where the record shows there is "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In Celotex v. Catrett, 477 U.S. 317 (1986), the Supreme Court held that this rule mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the part's case, and on which that party will bear the burden of proof at trial." Id. at 322.

In this case, Riley must submit evidence on each essential element of his claim in order to avoid summary judgment. Williams v. Borough of West Chester, 891 F.2d 458, 459-460 (3rd Cir. 1989). To meet this burden, he must come forward not with allegations, speculations, or conclusory statements, but with specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 322-23.

If Rileys' evidence is merely colorable or not significantly probative, summary judgment must be granted in favor of defendants. Hankins v. Temple University, 829 F.2d 437, 440 (3rd Cir. 1989). Moreover, the existence of any dispute of fact is not enough to defeat a defendant's motion. Rather, the disputed fact must be "material;" that is, it must affect the outcome of the suit as determined by substantive law. Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3rd Cir. 1992).

Applying these standards to this case, Riley has failed to submit evidence sufficient to establish the essential elements of his claim and he has failed to demonstrate genuine disputes of material facts requiring a trial.

### B. Riley has failed to Exhaust his Administrative Remedies

In his brief in opposition, Riley attempts to demonstrate that he exhausted all available administrative remedies, concerning a misconduct issued to him on May 29, 1999. Riley attaches copy of a document dated January 19, 2000 sent to undersigned counsel entitled, "Appeal from Retaliatory Misconduct of May 29, 1999."[1]  Upon receipt of the document on January 24, 2001, defendants' counsel responded to Riley informing him that she was returning the document to him as inappropriate. Counsel further advised Riley to review DOC-ADM 801 and follow any appropriate procedure. (See Exhibit "A" attached).

Riley further alleges that he appealed the misconduct on December 26, 2000 and on January 10, 2001. As evidence of the alleged appeal, Riley attaches to his brief two Inmate Request to Staff Member forms, directed to Superintendent Kyler, dated December 26, 2000 and January 10, 2001. (See Exhibits "C" and "D" attached to Br. In Opp.). Diana Baney, Assistant to Superintendent Kyler, and the individual responsible for processing these forms has no record of receiving these forms. In addition, she has searched her records and Riley's inmate file and cannot locate either of these forms. If Riley had submitted these forms, Baney would have prepared a response and placed a copy of the form in his institutional file. No copies of these requests exist to indicate that the

---

[1] This document is dated 10 days after Riley's deposition wherein counsel questioned him about the actions he took regarding an appeal of the misconduct.

-3-

Request Form were received. (See Unsworn Declaration of Diana Baney, ¶¶ 3-8, attached as Exhibit "B").

As noted in defendants' brief in support of summary judgment, the Third Circuit Court of Appeals has held that §1997e (a) of the PLRA mandates exhaustion of all administrative remedies prior to seeking federal review. Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000); Booth v. Churner, 206 F.3d 289 (3rd Cir.2000), *cert. granted,* No._U.S. _121 S. Ct. 277 (2000). Under the PLRA, this is a prerequisite that must be demonstrated before a lawsuit concerning prison conditions may continue. Assuming, arguendo, that the documents submitted by Riley are considered evidence that he exhausted administrative remedies, the documents are untimely, as they were prepared after he filed his complaint.

From the information contained in the complaint, documents and Riley's deposition, it is clear that he has failed to exhaust all administrative remedies prior to the filing of this lawsuit. The questionable documentation provided in Riley's brief in opposition does nothing more that attempt to create a dispute of fact where none genuinely exists. Summary judgment should therefore be granted in favor of the defendants.

### C. Riley's Transfer to SCI-Huntingdon Was Proper and Not For Retaliatory Reasons

In his brief in opposition, Riley continues to maintain that his transfer to SCI-Huntingdon violated his Fourteenth Amendment rights, by placing him in a hostile and life threatening environment. Riley supports this claim by arguing that his prior separation from a former SCI-Huntingdon employee created a problematic case.

-4-

As discussed in their brief in support of summary judgment, Riley has no constitutional right to be or not to be transferred, or to be confined or not to be confined in any particular prison. *See* Olim v. Wakinekona, 461 U.S. 238 (1982); Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976). Furthermore, Riley's transfer to SCI-Huntingdon poses no threat to his safety or to any SCI-Huntingdon employee and is in accordance with established DOC procedures. When Riley was transferred to SCI-Huntingdon the officer who was separated from him was no longer employed at the institution. This separation was placed against Riley for the officer's protection from Riley. Since the officer was no longer employed at the prison, Riley no longer had a valid separation at SCI-Huntingdon. (See Def. Br. In Sup., Arg. II and III; Unsw. Dec. Williamson ¶¶ 15-17 and Keller ¶ 9-11)

As established by the material facts, Riley was approved for placement in a Community Corrections Center ("CCC"), located in the region known to the DOC as Region II. Although the March 24, 1999, memorandum stated that in accordance with established procedure, arrangements should be made for Riley's transfer to SCI-Greene, a unit was added at SCI-Huntingdon to begin accepting inmates paroled to CCC's located in Region II. At the time of Riley's transfer, SCI-Huntingdon was the designated Region II CCC approved institution. (Williamson,[2] ¶¶15-17; Keller,¶21-24).

Finally, Riley claims that defendant Keller committed perjury concerning his March 15, 2001 statement. This allegation is without merit. As stated in his declaration and consistent with

---

[2] Upon review of the Documents In support of Defendants' Motion for Summary Judgment, filed on March 29, 2001, undersigned counsel noticed that the exhibits to the Williamson declaration were inadvertently not attached. Attached as Exhibit "C" to this reply brief is a true and correct copy of the Williamson declaration and exhibits.

his answers to interrogatories, Keller did not prepare any follow up reports/investigations into the Riley's Initial Reception Review Committee Report.[3] As stated in his declaration, Keller verbally investigated the status of Riley's separation. Keller further stated in his declaration did not prepare any written reports or written investigations because once he received verbal confirmation that Riley no longer had any active separations at SCI-Huntingdon he considered the matter closed. (See Keller Dec., ¶5). In his responses to discovery, Keller stated that he did not prepare an official report and that no documents can be located regarding any reports/investigations. Here, Riley speculates that a written report or documentation was prepared concerning his separation status. Riley chooses to interpret "investigated" as indicative of a written report.

Riley cannot establish that any genuine issue of material fact exists that his transfer to SCI-Huntingdon was not proper. Therefore, judgment should be granted in favor of the defendants regarding Riley's retaliatory transfer claim.

---

[3] Riley further attempts to intimate that Keller answered untruthful to Interrogatories Nos.15 and 16. Interrogatory 15 questions, "Did you writ [sic] an official report on Plaintiff's situation upon his arrival to your block (EA. Block), May 12, 1999?" Response: No. Interrogatory 16 reads, "Did anyone speak with you about the separation documentation in Plaintiff's file? Response: Yes. ( See Exhibit "A" attached). Production Request No. 9 seeks, "A copy of any and all follow-up reports/investigations by Superintendent Frank, Deputy Superintendent Myers, Major, Grace, Intelligence Captain Levy, Unit Manger Launtz and Keller, in regard to the Initial Reception Committee Report on May 12, 1999." Response "No documents can be located." (See Exhibit "E" attached).

-6-

## CONCLUSION

For the forgoing reasons and for the reasons stated in defendants' brief in support of summary judgment, the Court should grant defendants' motion for summary judgment.

                                        **Respectfully submitted,**

                                        **D. MICHAEL FISHER**
                                        Attorney General

By: _____
        MARYANNE M. LEWIS
        Deputy Attorney General

        SUSAN J. FORNEY
        Chief Deputy Attorney General
        Chief, Litigation

**OFFICE OF ATTORNEY GENERAL**
15th Fl., Strawberry Square
Harrisburg, PA 17120
(717) 787-9719
E-MAIL: mlewis@attorneygeneral.gov

DATE: April 23, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD A. RILEY,

    Plaintiff

v.

MARTIN HORN, et al.,

    Defendants

No. 1:00-CV-0485
(Judge Rambo)

### CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing Defendants' Reply in Support of Their Motion for Summary Judgment, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Ronald A. Riley, #AK-8743
SCI-Huntingdon
Drawer R
1100 Pike St.
Huntingdon, PA  16654-1112

MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: April 23, 2001